**Donald and Ella Mae CARD, Plaintiffs,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant.**

Civ. A. No. DC 86–52–D–O.

United States District Court,
N.D. Mississippi,
Delta Division.

July 18, 1989.

See also, D.C., 126 F.R.D. 658.

Stephen L. Henning, Batesville, Miss., Donald Franks, Booneville, Miss., for plaintiffs.

Guy T. Gillespie, III, Oxford, Miss., for defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause is before the court on the defendant's motion for sanctions. Defendant claims that the plaintiffs should be sanctioned for fraudulently pursuing this action and vexatiously increasing the cost of litigation. Plaintiffs oppose the motion. After a review of the motion, briefs, proceedings before the court, record as a whole, and relevant authorities, the court is of the opinion that the motion is not well taken.

Plaintiffs Donald and Ella Mae Card ("Card") brought this action to obtain contractual damages under a fire insurance policy and bad faith tort damages. Defendant State Farm Fire and Casualty Company ("State Farm") was successful at trial. The trial was long and hard-fought and the parties continue the battle. State Farm now seeks sanctions under Federal Rules of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent power of the court. The court will consider in turn the request for sanctions under each theory presented.

The Fifth Circuit has held that "Rule 11 places three duties on counsel: (1) counsel must make a reasonable inquiry into the factual basis of any pleading, motion, or

other paper; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the cost of litigation." *St. Amant v. Bernard*, 859 F.2d 379, 382 (5th Cir.1988); *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 874 (5th Cir.1988) (*en banc*). The court evaluates the attorney's conduct under Rule 11 and focuses upon the instant when documents are signed by the attorney. Compliance is measured by an objective standard. *Thomas*, 836 F.2d at 874.

Findings of fact and conclusions of law are useful but not absolutely required under Rule 11. *Thomas*, 836 F.2d at 883. The court will focus only on the attorney's obligation at the time the court documents were signed. Sanctions "should not amount to an 'accumulation of all perceived misconduct, from filing through trial,' resulting in a 'single post-judgment retribution in the form of a massive sanctions award.'" *Thomas*, 836 F.2d at 881; *National Ass'n of Gov. Emp. v. Nat. Feder. of Fed. Emp.*, 844 F.2d 216, 222 (5th Cir. 1988). The court will restructure the defendant's charges in terms of three categories which establish Rule 11 violations. The court will now review the defendant's charges and determine whether they support a sanction award pursuant to Rule 11.

■ State Farm has not established that plaintiffs' counsel failed to make a reasonable inquiry into the facts. Under this category the court considers the extent the attorneys were forced to rely on their client for the factual investigation, the complexity of the factual and legal issues, and the extent to which the factual circumstances underlying the claim required discovery. *Thomas*, 836 F.2d at 875–76. The court is of the opinion that plaintiffs' counsel conducted an adequate investigation into the facts prior to filing the complaint and thoroughly investigated the facts thereafter, though counsel may have discounted or ignored some of the evidence which went against their position.

■ State Farm has not established an inadequate inquiry into the law. Plaintiffs' counsel are only required to conduct a reasonable inquiry into the law. Plaintiffs' positions are not required to be legally correct. "Merely because plaintiffs and their counsel were mistaken as to the law does not mean that the mistake was unreasonable. Rule 11 does not make the signature on a pleadings or other covered document an absolute guarantee as to the correctness of the theory of law on which it is grounded, but only that 'reasonable inquiry' was made in that respect." *Smith Intern., Inc. v. Texas Commerce Bank*, 844 F.2d 1193, 1199 (5th Cir.1988). Rule 11 is not designed to deter litigants from advancing claims which are arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or reversal. "Positions thus taken cannot be considered as frivolous, although they may be unsuccessful and indeed may be given short shrift. But claims and defenses which fall outside of this broad umbrella may prove frivolous." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Rule 11 does not apply to the making of frivolous arguments or sub-argument, but applies only when the "pleading, motion or other paper" itself is frivolous. *See, e.g., Golden Eagle Distribution Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1540 (9th Cir.1986). The inclusion of a dubious count along with counts of reasonable merit do not so burden the litigation process to trigger Rule 11. *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3rd Cir.1988).

State Farm has attacked numerous legal positions taken by the plaintiffs. Some of the plaintiffs' legal positions were rejected by the court as being without merit, but this alone does not justify sanctions under Rule 11. The positions were plausible and the legal and factual issues raised were complex. *Thomas*, 836 F.2d at 876. The legal positions advanced by the plaintiffs were arguable for the most part and were based upon reasonable inquiry into the law. The court does not find that the incorrect legal positions taken were worthy of sanctions.

■ Claims by State Farm regarding fraud and the frivolous nature of the action fail to establish a Rule 11 violation. The charge that the plaintiffs' claims were fraudulent and frivolous are outside the scope of Rule 11. Rule 11 "does not permit the imposition of sanctions simply for bringing a meritless lawsuit, without any finding that a party or his lawyer signed a paper in violation of the rule." *National Ass'n*, 844 F.2d at 222.

■ State Farm further charges that the plaintiffs submitted court documents which were intended to delay proceedings, harass, and increase the cost of litigation. Such misconduct could establish a Rule 11 violation. The court is of the opinion that this action was unnecessarily long and expensive because of the combined conduct of both sides of this litigation. State Farm's hands are far from clean regarding the foregoing issues. Both parties utilized questionable tactics. However, the court is unable to single out specific papers signed by plaintiffs' counsel which would violate Rule 11. Defendant has failed to establish that specific papers were submitted for an improper purpose.

Based upon a careful review of the record and proceedings in the case *sub judice,* the court does not find that plaintiffs' counsel signed a pleading, motion or paper without a reasonable inquiry into the facts and law or filed papers for an improper purpose. The court is of the opinion that the defendant has failed to establish a violation of Rule 11.

■ State Farm further charges that the Cards committed a fraud upon the court by litigating this action and requests sanctions on this ground as well. State Farm points out that the jury found against the Cards on their contract claim and argues that this determination establishes that the Cards committed arson and defendant concludes that the Cards are guilty of fraud in pursuing this action. The court is of the opinion that this argument is insufficient to establish fraud or bad faith on the part of the Cards' counsel and fails to warrant sanctions based solely on the verdict. The court notes that this action was complex and the result was apparently close on the liability issue. The court is of the opinion that this argument fails to establish that sanctions are required.

■ State Farm also requests sanctions under 28 U.S.C. § 1927 and the inherent power of the court. Section 1927 provides in pertinent part that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Defeat of a plaintiff's claim does not justify attorney's fees under Section 1927 unless the court also finds that the plaintiff's complaint was frivolous, unreasonable, without foundation, or filed in bad faith. *Bennett v. Corroon & Black Corp.,* 845 F.2d 104, 107 (5th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989). The plaintiffs' claims were not frivolous or the action would have been dismissed at an earlier juncture. An action so frivolous as to warrant sanctions would not have sufficient merit to get to trial. *See National Ass'n,* 844 F.2d at 222. Ella Mae Card's claims certainly presented close issues of law and fact. Donald Card's claims presented some close issues as well. The positions taken by the Cards were often tenuous and many proved unsuccessful, but the court does not find that they rise to the level of being unreasonable and without foundation. State Farm has not shown that the Cards acted in bad faith or multiplied the proceedings for any improper purpose. The court does not find that the Cards' counsel intentionally prosecuted a claim which lacked a legal or factual basis. *Indianapolis Colts v. Mayor & City Council,* 775 F.2d 177, 182 (7th Cir. 1985). This action was unnecessarily long and difficult, but the fault lies on both parties and the court does not find the plaintiffs' behavior so egregious as to warrant the penalty of costs under Section 1927. *See Bennett,* 845 F.2d at 107; *Trevino v. Holly Sugar Corp.,* 811 F.2d 896, 907–08 (5th Cir.1987); *Jackson Marine*

**658**

Corp. v. Harvey Barge Repair, Inc., 794 F.2d 989, 992 (5th Cir.1986).

Federal courts possess inherent power to assess attorney's fees and litigation costs when a party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Industrial Lumber*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 551 (5th Cir.1986). However, the Supreme Court has urged courts to be cautious and exercise this inherent power to sanction with restraint and discretion. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488, 500 (1980). The standards for imposition of this type of sanction are necessarily stringent. The court must be careful to avoid penalizing a party for maintaining an aggressive litigation posture and instead exercise this power only when faced with abusive conduct. *Batson*, 805 F.2d at 550. State Farm has not established that the Cards and their attorneys "acted in bad faith, vexatiously, wantonly or for oppressive reasons." The tactics of plaintiffs' counsel were sometimes questionable, but they seemed to be directed toward success in the courtroom and not for an improper purpose.

The court is of the opinion that sanctions are not warranted in the case *sub judice*. State Farm has not established that the Cards or their counsel have committed egregious conduct sufficient to trigger sanctions under Rule 11, Section 1927, or the inherent power of the court. Although both counsel may have litigated this action below the standards of practice expected by the court, the movant has not established the requisite misconduct necessary for the imposition of sanctions.

An order in accordance with this opinion will be issued.

ORDERED.

