**GFI, INC., Plaintiff,**

v.

**FRANKLIN INDUSTRIES, Astro Lounger Furniture Manufacturing, Parkhill Furniture, Inc., and Washington Furniture Mfg., Defendants.**

**No. 3:97CV16–D–A.**

United States District Court, N.D. Mississippi, Western Division.

Nov. 20, 1998.

Thomas J. Suszek, Holcomb Dunbar, Oxford, MS, James J. Foster, Douglas R. Wolf, Matthew B. Lowrie, Wolf, Greenfield & Sacks, Boston, MA, for GFI, Inc., plaintiff.

Claude F. Clayton, Jr., Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, V. Bryan Medlock, Jr., David Hitchcock, Sidley & Austin, Dallas, TX, Norwood Robinson, Robinson & Lawing, L.L.P., Winston–Salem, NC, for Franklin Industries, defendant.

Kenneth M. Burns, Kenneth M. Burns, Attorney, Okolona, MS, for Astro Lounger Furniture Mfg, defendant.

John M. Creekmore, John M. Creekmore, Attorney, Amory, MS, for Parkhill Furniture, Inc., defendant.

Claude F. Clayton, Jr., Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, V. Bryan Medlock, Jr., David Hitchcock, Sidley & Austin, Dallas, TX, Norwood Robinson, Robinson & Lawing, L.L.P., Winston–Salem, NC, for Washington Furniture Mfg Co., defendant.

## OPINION

DAVIDSON, District Judge.

Presently before the court in this patent dispute are the following motions for summary judgment: (1) "Defendant Washington Furniture Mfg.'s Motion for Summary Judgment of Non–Infringement and Invalidity," (2) "Motion of GFI for Partial Summary Judgment of Infringement by Defendant Washington," (3) "Expedited Motion of GFI for Summary Judgment Dismissing Defendant Parkhill's Patent Misuse Defense," and

(4) "Expedited Motion of GFI to Dismiss Counterclaims with Respect to the '213 Patent." After considering the motions, the court finds that Washington's motion for summary judgment should be granted only partially and that all of the Plaintiff's motions should be denied.

## Factual and Procedural Background

The Plaintiff GFI, Inc., holds United States Patent No. 5,064,244 ('244 patent) and No. 5,480,213 ('213 patent). The '244 patent discloses a sectional sofa containing two reclining seats separated by a console. The '213 patent is a continuation of the '244 patent. In its amended complaint, the Plaintiff claims that each defendant "has been and still is infringing the '244 patent by making, using, selling and offering for sale sectional sofas covered by the claims of that patent." First Amended Complaint ¶¶ 8, 12, 16, 19. The defendants are Astro Lounger Furniture Manufacturing Company, Franklin Corporation, Parkhill Furniture Company, and Washington Furniture Manufacturing.

In its original complaint, the Plaintiff also claimed infringement of the '213 patent. However, in its amended complaint, the Plaintiff did not continue asserting its claim regarding the '213 patent. Answering the amended complaint, each defendant—even though the Plaintiff did not continue asserting its claim regarding the '213 patent—filed a counterclaim in which it requested a declaratory judgment that both the '244 patent and the '213 patent are invalid, unenforceable, and have not been infringed. Therefore, at issue in this case is the validity, enforceability and infringement of both the '244 patent and the '213 patent.

## Standard of Review

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) ("the burden on the moving party may be discharged by 'showing' ... that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. That burden is not discharged by "mere allegations or denials." Fed. R.Civ.P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## Discussion

As stated above, the issues in this lawsuit are the validity, enforceability and infringement of both the '244 patent and the '213 patent. In their cross-motions for summary judgment, the Plaintiff and the Defendant Washington focus on some of these issues. However, one of these issues has already been litigated. That issue is whether claims 1–8, 11 and 16–18 of the '244 patent (the Group I claims) are valid. The Plaintiff litigated this issue in *Gentry Gallery, Inc. v. Berkline Corp.*, where the United States Court of Appeals for the Federal Circuit held that the Group I claims are invalid. 134 F.3d 1473, 1480 (Fed.Cir.1998) (finding Group I claims invalid because they are "broader than the supporting disclosure"). "[O]nce the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel." *Mendenhall v. Barber–Greene Co.*, 26 F.3d 1573, 1577 (Fed.Cir.1994) (citing *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). Therefore, under the principles of collateral

estoppel, this court finds that the Group I claims are invalid.

Another issue on which the Plaintiff and Washington focus is whether Washington's accused furniture infringes any of the remaining claims of the '244 patent—claims 9, 10, 12–15, and 19–21 (the Group II claims).

> [D]etermining infringement is a two-step process. First, the court must construe the asserted claims as a matter of law to ascertain their meaning and scope. Second, the claims as construed are compared to the allegedly infringing device. To infringe a claim, each claim limitation must be present in the accused product, either literally or equivalently. Thus, the construction of each claim limitation is crucial to the infringement determination.

*Dawn Equipment Co. v. Kentucky Farms Inc.*, 140 F.3d 1009, 1014 (Fed.Cir.1998) (citations omitted). Initially, the court notes that the Plaintiff only moves for summary judgment as to the alleged infringement of claim 12, which the Plaintiff concedes is the broadest of the Group II claims. (Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment, pp. 7–8; Plaintiff's Memorandum in Response to Washington's Motion for Summary Judgment, p. 9). Therefore, the only claim the court will construe at this juncture is claim 12.

■ "The proper construction of claims is based upon the claim language, the written description portion of the specification, the prosecution history, and if necessary to aid the court's understanding of the patent, extrinsic evidence." *Gentry Gallery*, 134 F.3d at 1476. Claim 12, a dependent claim, provides in pertinent part that "the control means are mounted on the console." *Id.* The material question regarding the construction of claim 12 is whether it requires the controls for both recliners, or simply the control for one of the recliners, to be mounted on the console. The Plaintiff argues that claim 12 only concerns one of the controls, that is, the control for what the Plaintiff labels the "inside" recliner—the recliner positioned next to another sectional sofa. However, neither the claim language nor the written description reflect the Plaintiff's argument. Claim 12, which the Plaintiff drafted, employs the

plural verb "are," therefore clearly referring to more than one control. The written description also uses plural terms. Furthermore, the written description fails to distinguish between an "inside" recliner and an "outside" recliner. The relevant portion of the prosecution history likewise fails to make any such distinction, and it fails to state that *only one of the controls is mounted on the* console. Considering all this language and finding extrinsic evidence unnecessary to resolve this issue, the court construes claim 12 as requiring *both* recliner controls to be mounted on the console.

■ So construing the twelfth claim, the court confronts the simple matter of determining whether a genuine issue exists as to literal infringement. "Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly." *Cole v. Kimberly–Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir.1996). The limitation in claim 12—that both control means be mounted on the console—is not found in Washington's accused pieces of furniture, models 10–610 and 11–710, each of which contain at least one control not mounted on the console. There is no genuine issue as to this material fact. Therefore, as a matter of law, Washington has not literally infringed claim 12 of the '244 patent. The Plaintiff's motion for summary judgment as to literal infringement shall be denied, and Washington's motion for summary judgment as to literal infringement shall be granted.

■ A more complicated issue is whether Washington's accused furniture infringes any of the Group II claims under the doctrine of equivalents. The essential inquiry of the doctrine of equivalents is whether the accused product contains "elements identical *or equivalent to* each claimed element of the patented invention." *Warner–Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 117 S.Ct. 1040, 1054, 137 L.Ed.2d 146 (1997) (emphasis added). This doctrine has evolved because

> courts have … recognized that to permit imitation of a patented invention which

does not copy every literal detail would be to convert the protection of the patent grant into a hollow and useless thing. Such a limitation would leave room for—indeed encourage—the unscrupulous copyist to make unimportant and insubstantial changes and substitutions in the patent which, though adding nothing, would be enough to take the copied matter outside the claim, and hence outside the reach of law.

*Graver Tank & Mfg. v. Linde Air Products Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950). "Where the evidence is such that no reasonable jury could determine two elements to be equivalent, district courts are obliged to grant partial or complete summary judgment." *Warner–Jenkinson*, 117 S.Ct. at 1053 n. 8. However, where the evidence presents a genuine issue as to this material fact, summary disposition is inappropriate.

■ After considering the matter, the court finds that both parties' motions for summary judgment should be denied as to infringement under the doctrine of equivalents. Neither the Plaintiff nor Washington has shown that it is entitled to judgment as a matter of law on that issue. In particular, the court notes Washington's argument that the "doctrine of equivalents 'cannot embrace a structure that is specifically excluded from the scope of the claims.'" (Memorandum in Support of Washington Furniture Mfg.'s Response to GFI's Motion for Partial Summary Judgment of Non–Infringement, p. 15) (quoting *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1582 (Fed.Cir.1996)). Washington's argument is misguided because a structure containing only one control on the console was never *specifically excluded* from the scope of the claims of the '244 patent. In any event, the court has the discretion, which it exercises here, to allow the Plaintiff's claim of infringement under the doctrine of equivalents to proceed to trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) ("Neither do we suggest … that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

Incidentally, Washington's doctrine-of-equivalents argument in its motion for summary judgment focuses not on whether the Plaintiff meets the infringement test under *Warner–Jenkinson*, but on whether the Federal Circuit's invalidity decision in *Gentry Gallery* precludes the Plaintiff's claim. Washington states its argument as follows:

> The Federal Circuit has held that claims in the '244 patent which do not require the placement of the controls for the two recliners on the console are invalid. As a result, [the Plaintiff] cannot now lawfully obtain under the doctrine of equivalents claim coverage which the Federal Circuit has already determined is invalid.

(Washington's Memorandum in Support of Motion for Summary Judgment, p. 20). To support its argument, Washington mainly relies upon the authority of *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, where the Federal Circuit explained that "a patentee should not be able to obtain, under the doctrine of equivalents, coverage which he could not lawfully have obtained from the [Patent and Trademark Office] by literal claims." 904 F.2d 677, 683 (Fed.Cir.1990). However, to say that the Plaintiff here "could not lawfully have obtained" coverage for the Group I claims is inaccurate. In *Gentry Gallery*, the Federal Circuit only held that the Group I claims were invalid because the specification failed to meet the written description requirement regarding those claims. Absent that failure, the Plaintiff might have been able to obtain coverage for the Group I claims. In any event, the court does not address the issue which the Federal Circuit addressed in *Wilson Sporting Goods* —to what degree a prior art restricts the scope of equivalency. *Id.* Therefore, the court finds Washington's argument unpersuasive.

Washington also argues that the Plaintiff's claim for infringement under the doctrine of equivalents is barred by the doctrine of prosecution history estoppel. "The doctrine of prosecution history estoppel [under certain conditions] precludes a patent owner from obtaining a claim construction that would resurrect subject matter surrendered during

prosecution of his patent application." *Hughes Aircraft Co. v. United States,* 717 F.2d 1351, 1362 (Fed.Cir.1983); *see also Warner–Jenkinson,* 117 S.Ct. at 1049 (noting that prosecution history estoppel is also known as "file wrapper estoppel"). "The estoppel applies to claim amendments to overcome rejections based on prior art, and to arguments submitted to obtain the patent...." *Hughes Aircraft,* 717 F.2d at 1362 (citations omitted). For the estoppel to apply to arguments submitted to obtain the patent, the arguments must "evince a clear and unmistakable surrender of subject matter." *Litton Systems, Inc. v. Honeywell, Inc.,* 140 F.3d 1449, 1458 (Fed.Cir.1998). Prosecution history estoppel is a question of law. *Hoganas AB v. Dresser Indus.,* 9 F.3d 948, 952 (Fed.Cir.1993).

■ Here, Washington asserts that the Plaintiff clearly and unmistakably surrendered a construction of claim 12 whereby only one of the recliner controls is mounted off the console. The argument in which the Plaintiff allegedly surrendered this subject matter was that of the inventor of the '244 patent, James Sproule. Mr. Sproule made his argument during the prosecution of the '244 patent in order to distinguish its claims from prior art which the Plaintiff cited in the patent application. Mr. Sproule argued as follows:

Applicant also claims reclining controls upon a center console in each of claims 1 and 12. This teaching is nowhere disclosed in any of the references cited and uniquely enables the use of the sofa in a sectional seating arrangement. Controls located upon the sides or other parts of a sofa section would be difficult or impossible to reach when the sofa section is placed in a side-by-side arrangement with other sectional units.

(Plaintiff's Memorandum in Support of Response to Washington's Motion for Summary Judgment, p. 19). The court does not consider this argument to be the clear and unmistakable surrender which Washington asserts it to be. In his argument, Mr. Sproule referred to the arrangement claimed—"controls upon a center console"—and then he distinguished another arrangement whereby both "controls [are] located upon the sides or other parts of a sofa section." However, Mr. Sproule did not distinguish the arrangement on Washington's accused furniture, on which only one of the controls is "located upon the sides or other parts of the sofa." As such, Mr. Sproule did not surrender the precise subject matter at issue in the Plaintiff's claim for infringement under the doctrine of equivalents. Therefore, the doctrine of prosecution history estoppel does not limit the Plaintiff's claim.

Washington also seeks summary disposition as to its counterclaim for a declaratory judgment that all four claims of the '213 patent are invalid. In response, the Plaintiff argues that the validity of the claims of the '213 patent is a moot issue because the Plaintiff amended the complaint "to drop" its claim for infringement of the '213 patent. However, when the Magistrate Judge allowed the amended complaint, she explained that "defendants will be permitted to maintain permissive counterclaims based on the '213 patent." *GFI, Inc. v. Franklin Indus.,* No. 3:97cv16–D–A (N.D.Miss. Apr. 1, 1998) (Order Granting Motion to Amend Complaint). The Plaintiff has not objected to that order.

■ Furthermore, the Plaintiff argues that this court has no jurisdiction to consider the counterclaims related to the '213 patent. The Plaintiff so argues in its "Expedited Motion of GFI to Dismiss Counterclaims with Respect to the '213 Patent." To support the motion, the Plaintiff cites *Super Sack Mfg. v. Chase Packaging Corp.,* where the Federal Circuit held that "a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer...." 57· F.3d 1054, 1058 (Fed.Cir.1995). The covenant which the Plaintiff has filed here states that "GFI will unconditionally agree not to sue these defendants for infringement as to any claim of the '213 patent based upon the products previously or currently manufactured and sold by them." (Reply Memorandum of GFI in Support of Expedited Motion to Dismiss Counterclaims with Respect to the '213

Patent, p. 4). Although the Plaintiff's covenant meets a number of the requirements under *Super Sack*, it is insufficient to divest this court of jurisdiction because at least two of the defendants, as evidenced by affidavits, plan to make a sofa that may later be said to infringe the claims of the '213 patent. *See Super Sack*, 57 F.3d at 1059–60. Therefore, the court shall deny the Plaintiff's "Expedited Motion of GFI to Dismiss Counterclaims with Respect to the '213 Patent."

■ Since the court has jurisdiction over the '213 patent counterclaims, the court shall address Washington's motion for summary judgment as to its counterclaim for a declaratory judgment that all four claims of the '213 patent are invalid. To determine the validity of those claims, the court need only return to *Gentry Gallery*, where the Federal Circuit held that the Group I claims of the '244 patent were invalid because they were "broader than the supporting disclosure." 134 F.3d at 1480. Considering that holding, the court must find that the four claims of the '213 patent, which is a continuation of the '244 patent, suffer from the same infirmity which affected the Group I claims. That is, the disclosure of the '213 patent limits the location of the recliner controls to the console, and each of the four claims of the '213 patent lack that limitation. Since "claims may be no broader than the supporting disclosure," all four claims of the '213 patent are invalid as a matter of law. *See id.*

Lastly, the Plaintiff seeks summary disposition as to the Defendant Parkhill's affirmative defense of patent misuse. After considering the matter, the court finds that the Plaintiff's motion for summary judgment as to that affirmative defense should be denied. The Plaintiff has not shown that it is entitled to judgment as a matter of law on that issue. In any event, the court has the discretion, which it exercises here, to allow that affirmative defense to proceed to trial. *See Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. 2505.

### Conclusion

Washington's motion for summary judgement shall be granted as to the following claims or counterclaims: (a) the Plaintiff's claim for literal infringement of the '244 patent, (b) Washington's counterclaim for a declaratory judgment that claims 1–8, 11 and 16–18 of the '244 patent are invalid, and (c) Washington's counterclaim for a declaratory judgment that all four claims of the '213 patent are invalid. The remainder of Washington's motion for summary judgment shall be denied. Each of the Plaintiff's motions for summary judgment shall also be denied.

Finally, while reviewing the submissions in this matter, the court noted a number of instances where aspersions on the candor of others were cast rather glibly. Counsel of record in this matter are directed to read *Dondi Prop. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D.Tex.1988), an opinion which indicates the tenor of argument which this court prefers.

A separate order in accordance with this opinion shall issue this day.

*ORDER GRANTING IN PART AND DENYING IN PART WASHINGTON'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, and GRANTING MOTION TO FILE "SURREPLY"*

Pursuant to an opinion issued today, it is hereby ORDERED that

(1) the "Defendant Washington Furniture Mfg.'s Motion for Summary Judgment of Non–Infringement and Invalidity" (docket entry 182) is GRANTED IN PART AND DENIED IN PART; the motion is GRANTED as to (a) the Plaintiff's claim for literal infringement of United States Patent No. 5,064,244 ('244 patent), (b) Washington's counterclaim for a declaratory judgment that claims 1–8, 11 and 16–18 of the '244 patent are invalid, and (c) Washington's counterclaim for a declaratory judgment that all four claims of United States Patent No. 5,480,213 ('213 patent) are invalid; as to the remainder of the claims and counterclaims in this action, the motion is DENIED;

(2) the Plaintiff's claim for literal infringement of the '244 patent is DISMISSED;

(3) claims 1–8, 11 and 16–18 of the '244 patent are DECLARED INVALID; claims

1–4 of the '213 patent are DECLARED INVALID;

(4) the "Motion of GFI for Partial Summary Judgment of Infringement by Defendant Washington" (docket entry 222) is DENIED;

(5) the "Expedited Motion of GFI for Summary Judgment Dismissing Defendant Parkhill's Patent Misuse Defense" (docket entry 236) is DENIED;

(6) the "Expedited Motion of GFI to Dismiss Counterclaims with Respect to the '213 Patent" (docket entry 227) is DENIED;

(7) "Washington Furniture Mfg.'s Motion for Leave to File a Surreply" (docket entry 265) is GRANTED; and

(8) counsel of record in this action shall read *Dondi Prop. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D.Tex. 1988).