GFI, INC., Plaintiff,

v.

FRANKLIN CORPORATION, Astro Lounger Furniture Manufacturing, Parkhill Furniture, Inc., and Washington Furniture Mfg., Defendants.

No. 3:97CV16–D–A.

United States District Court, N.D. Mississippi, Western Division.

Aug. 30, 1999.

See, also, 88 F. Supp.2d 619.

Claude F. Clayton, Jr., Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, V. Bryan Medlock, Jr., David Hitchcock, Sidley & Austin, Dallas, TX, Norwood Robinson, H. Stephen Robinson, Robinson & Lawing, L.L.P., Winston–Salem, NC, for Franklin Industries, Oakland Furniture Manufacturing, Inc., Washington Furniture Manufacturing Co.

Kenneth M. Burns, Kenneth M. Burns, Attorney, Okolona, MS, for Astro Lounger Furniture Manufacturing.

Raymond G. O'Neal, III, Mills and O'Neal, Fulton, MS, James H. Kelley, James H. Kelley Attorney, Edgartown, MA, for The Stratford Company.

John M. Creekmore, John M. Creekmore, Attorney, Amory, Ms, J.T. Martin, J.T. Martin, Attorney, Washington, DC, for Parkhill Furniture, Inc.

Thomas D. Keenum, Sr., Thomas D. Keenum, Sr., Attorney, Booneville, MS, for River Oaks Furniture.

Dion J. Shanley, Hickman, Goza & Gore, PLLC, Ridgeland, MS, for Shelby Duke Goza.

Lester F. Sumners, Sumners and Carter, P.A., New Albany, MS, for Universal Furniture Limited.

Thomas J. Suszek, Holcomb Dunbar, Oxford, MS, James J. Foster, Douglas R. Wolf, Matthew B. Lowrie, Wolf, Greenfield & Sacks, Boston, MA, for GFI, Inc.

## OPINION

DAVIDSON, Chief Judge.

Presently before the court in this patent dispute is defendant Parkhill Furniture's "Motion for Summary Judgment of Noninfringement or for a Markman Hearing." After considering the motion, the court is of the opinion that the motion should be granted in part and denied in part.

### Brief Factual and Procedural Background

The plaintiff, GFI, Inc., holds United States Patent No. 5, 064, 244 ('244 patent). This patent discloses a sectional sofa containing two reclining seats separated by a console. GFI claims that the defendants in this action, including Parkhill, are infringing the '244 patent by making, using, offering for sale and selling sectional sofas purportedly covered by the claims of the '244 patent. In its current motion for summary judgment, Parkhill argues that its models 8000 and 8960–II do not infringe the '244 patent. Alternatively, Parkhill requests this court hold a *Markman* hearing to construe the language of claim 12 of the '244 patent.

Herein, the court construes claim 12 and holds that Parkhill's model 8000 does not infringe the '244 patent literally or under the doctrine of equivalents. Additionally, the court holds that Parkhill's model 8960–II does not infringe claim 12 literally; however, material issues of genuine fact exist as to whether model 8960–II infringes the '244 patent under the doctrine of equivalents.

### Standard of Review

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In patent infringement cases, summary judgment is appropriate only where the evidence is such that no reasonable jury could find two elements to be equivalent. *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 39, 117 S.Ct. 1040, 1053, 137 L.Ed.2d 146 (1997).

### Discussion

#### 1. Construction of Claim 12

In fulfilling its duty to construe the claims of the '244 patent, this court is free to consult "the claim language, the written description portion of the specification, the prosecution history, [as well as] extrinsic evidence." *Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473, 1476 (Fed.Cir. 1998); *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 384, 116 S.Ct.

1384, 1393, 134 L.Ed.2d 577 (1996). Claim 12 of the '244 patent provides in pertinent part that each reclining seat, having a backrest and seat cushion, must be "movable between upright and reclined positions." '244 patent; col. 5, ll. 10–11. The material question regarding the construction of this portion of claim 12 is whether it requires that the backrest itself be movable or whether a "seat" can be movable between the upright position and the reclined position without the backrest necessarily moving.

Claim 12 does not specifically state whether the seat's backrest must move in order for the seat itself to be movable between the upright and the reclined positions. Likewise, the claim does not specifically define the terms "upright position" and "reclined position." However, two of the drawings GFI submitted as part of the '244 patent's specification shed light on how the terms "upright position" and "reclined position" are to be defined.

In the specification section labeled "Brief Description of the Drawings", GFI describes Figure 3A as representing the "upright" position and Figure 3C as illustrating the "reclined" position. '244 patent; col. 2. These figures clearly demonstrate that a seat cannot move between the "upright" position and the "reclined" position unless it has a movable backrest. Therefore, after careful consideration of the claim language as well as language and drawings contained in the specification, this court construes claim 12 as requiring that each seat contain a movable backrest.

Additionally, Parkhill has requested that this court construe one element of claim 12, namely column 5 lines 22–27, as being a "means-plus-function" element and subject to a structural equivalence analysis in accordance with 35 U.S.C. § 112(6) instead of a traditional doctrine of equivalents analysis. The court finds this element to be a means-plus-function element subject to 35 U.S.C. § 112(6) and it will be analyzed in accordance with the dictates of that statute.

### 2. Infringement

GFI concedes that, in accordance with this court's opinion of November 20, 1998 (27 F.Supp.2d 686 (N.D.Miss.1998)), neither Parkhill's model 8000 nor Parkhill's model 8960–II literally infringe the '244 patent. GFI Opposition p. 7. Therefore, Parkhill's motion for summary judgment as to literal infringement of the '244 patent by models 8000 and 8960–II is granted.

It is axiomatic that an accused device does not infringe upon a patent unless every single claim limitation, or its equivalent, is present in the accused device. *Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320, 1325 (Fed.Cir.1991). The critical limitation in claim 12, as far as model 8000 goes, is that each seat must be "movable between upright and reclined positions ..." '244 patent; col. 5, ll. 10–11. This limitation requires that the backrest portion of the seat be movable.

■ Under the doctrine of equivalents, the essential inquiry is whether the accused product contains elements identical or equivalent to each claimed element (limitation) of the patented invention. *Warner–Jenkinson*, 520 U.S. at 40, 117 S.Ct. 1040; *Pennwalt Corp. v. Durand–Wayland, Inc.*, 833 F.2d 931, 939 (Fed.Cir. 1987). As part of this inquiry, courts look to see if the differences between the products are merely insubstantial; where there is proof that only insubstantial differences exist between the products, infringement may be established. *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 99 F.3d 1098, 1107 (Fed.Cir.1996). In determining the substantiality of the differences between the products, courts use the "function-way-result" test since if the products possess

similarity of function, way and result, there is little room for doubt that only insubstantial differences exist between the products. *Hilton Davis Chem. Co. v. Warner–Jenkinson Co., Inc.,* 62 F.3d 1512, 1645 (Fed.Cir.1995). However, all three prongs (function, way and result) must be substantially identical or there is no infringement. *Industrias Metalicas Marva v. Lausell,* No. 96–1697, 1997 WL 557626 at *12 (D.P.R. Aug.28, 1997).

 In the case at bar, no genuine issue of material fact exists as to whether Parkhill's model 8000 includes an equivalent element to the '244 patent's claimed limitation of a "reclining seat ... movable between [the] upright and reclined positions." '244 patent; col. 5, ll. 9–11. As already stated, this limitation requires that a seat have a movable backrest; Parkhill's model 8000 undisputably does not have a movable backrest. So, does a genuine issue of material fact exist as to whether the model 8000's nonmovable backrest performs substantially the same function, in substantially the same way, to achieve substantially the same result, as the movable backrest illustrated in the '244 patent?

Neither the function, way nor result of the two backrests is the substantially the same. The backrests are structurally quite different and operate quite differently. In the device described in the '244 patent, the backrest tilts backward to allow the seat to move from the upright position to the reclined position. '244 patent; figs. 3A–3C. In sharp contrast, the model 8000's backrest does not move at all, and the seat never moves into the reclined position. Therefore, neither the function the backrests perform, the way the backrests operate, nor the result obtained by the backrests is or can be substantially the same. The absence of a required claim limitation—a backrest capable of moving and allowing the seat to move into the reclined position—creates a difference between the model 8000 and the '244 patented device that cannot be considered insubstantial. No reasonable jury could find the elements to be equivalent.

Since it is undisputed that the backrest of Parkhill's model 8000 is not movable and its seat cannot move into the reclined position, no genuine issue of material fact exists as to this element and Parkhill is entitled to judgment as a matter of law.

 However, Parkhill has not shown that it is entitled to judgment as a matter of law regarding the model 8960–II. The court finds that genuine issues of material fact exist, rendering summary disposition of this claim inappropriate. In any event, the court has the discretion to allow GFI's claim of infringement (regarding Parkhill's model 8960–II) under 35 U.S.C. § 112(6) and the doctrine of equivalents to proceed to trial. *Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. 2505.

A separate order in accordance with this opinion shall issue this day.

### ORDER

Pursuant to an opinion issued today, it is hereby ORDERED that:

(1) the "Defendant Parkhill's Motion for Summary Judgment of Noninfringement or for a Markman Hearing" (docket entry 428–1) is GRANTED IN PART and DENIED IN PART; the motion is GRANTED as to

(a) the Plaintiff's claim for literal infringement of United States Patent No. 5,064,244 ('244 patent) as to Parkhill's models 8000 and 8960–II;

(b) the Plaintiff's claim for infringement of the '244 patent under the doctrine of equivalents as to Parkhill's model 8000.

(2) As to the remainder of the claims in this action, Parkhill's motion is DE-NIED.

(3) The Plaintiff's claim for literal infringement of the '244 patent is DIS-MISSED.