GFI, INC. Plaintiff,

v.

**FRANKLIN CORPORATION; Astro Lounger Furniture MFG.; Parkhill Furniture, Inc.; and Washington Furniture MFG. Defendants.**

No. 3:97CV16–DA.

United States District Court, N.D. Mississippi, Western Division.

Oct. 16, 2002.

See also 88 F.Supp.2d 619.

James J. Foster, Wolf, Greenfield & Sacks, Boston, MA, for GFI, Inc.

Claude F. Clayton, Jr., Tupelo, MS, for Franklin Corp.

J.T. Martin, J.T. Martin, Attorney, Washington, DC, for Parkhill Furniture, Inc.

## OPINION DENYING MOTIONS FOR ATTORNEYS' FEES

DAVIDSON, Chief Judge.

Presently before the court is the Defendant Franklin Corporation's motion for attorneys' fees, and the Defendant Parkhill Furniture's motion for attorneys' fees. Upon due consideration, the court finds that both of the motions should be denied.

*A. Factual and Procedural Background*

U.S. Patent No. 5,064,244 (the '244 patent) was issued to the Plaintiff GFI by the United States Patent and Trademark Office (PTO) in November of 1991. The '244 patent concerns a sectional sofa in which a pair of reclining seats, on the same side of a wedge, is separated by a fixed console which contains the control means for operating the reclining seats. After initiating several other lawsuits involving the '244 patent, GFI instituted this patent infringement action in February of 1997. The court tried this matter in a nearly month-long bench trial held in November and December of 1999. During the trial, the Defendants raised the defenses of inequitable conduct, obviousness, patent misuse, equitable estoppel and laches.

■ After the trial's conclusion, the court found that the Defendants had proven by clear and convincing evidence that GFI had obtained the '244 patent through inequitable conduct; for that reason, the court held that the '244 patent is unenforceable.[1] *GFI, Inc. v. Franklin Corp.,* 88 F.Supp.2d 619 (N.D.Miss.2000). The Plaintiff subsequently appealed this court's finding of inequitable conduct to the United States Court of Appeals for the Federal Circuit. On September 7, 2001, the Federal Circuit issued an opinion affirming this court's judgment in all respects. *GFI, Inc. v. Franklin Corp.,* 265 F.3d 1268 (Fed.Cir. 2001).

The Defendants Franklin Corporation and Parkhill Furniture, Inc. have now separately moved for an award of attorneys' fees against GFI pursuant to 35 U.S.C. § 285; against GFI's attorneys pursuant to 28 U.S.C. § 1927; and against both GFI and its attorneys pursuant to the court's inherent power to sanction.

*B. Standards for Awarding Attorneys' Fees*

**1. 35 U.S.C. § 285**

35 U.S.C. § 285 provides that, in patent litigation, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The determination to award attorneys' fees under Section 285 requires a two step analysis:

(1) the party requesting the award of fees must prove by clear and convincing evidence that the case is exceptional; and

(2) having made a finding that the case is exceptional, the court must determine whether an award of attorneys' fees to the prevailing party is warranted; such an award is discretionary on the court's part.

*Interspiro USA, Inc. v. Figgie Int'l Inc.,* 18 F.3d 927, 933 (Fed.Cir.1994).

Section 285 serves two purposes. First, it permits an award of fees "where it would be grossly unjust that the winner be left to bear the burden of his own counsel which prevailing litigants normally bear." *Badalamenti v. Dunham's Inc.,* 896 F.2d 1359, 1364 (Fed.Cir.1990); *Rohm & Haas Co. v. Crystal Chem. Co.,* 736 F.2d 688, 692

---

1. Applicants for patents, including their patent attorneys, are required to prosecute patent applications in the PTO with candor, good faith, and honesty. *Elk Corp. of Dallas v. GAF Bldg. Materials Corp.,* 168 F.3d 28, 30 (Fed.Cir.1999); 37 C.F.R. § 1.56 (Rule 56). A person or entity who obtains a patent after breaching this duty, by failing to disclose material information and intentionally misleading the PTO, has engaged in inequita-ble conduct and cannot enforce the inequitably acquired patent. *General Electro Music Corp. v. Samick Music Corp.,* 19 F.3d 1405, 1408 (Fed.Cir.1994). Here, the court found that GFI breached its duty and engaged in inequitable conduct while procuring the '244 patent; as a result, the court held that the '244 patent is unenforceable. *GFI, Inc. v. Franklin Corp.,* 88 F.Supp.2d 619, 631–32 (N.D.Miss.2000).

(Fed.Cir.1984). Additionally, Section 285 serves to deter parties from bringing litigation in bad faith, thereby protecting litigants, the courts and the judicial process from abuse. *Mathis v. Spears*, 857 F.2d 749, 753–54 (Fed.Cir.1988).

■ A case may be deemed exceptional for a variety of reasons, including whether the patent owner engaged in inequitable conduct during the prosecution of the patent, whether the suit is frivolous, and whether the party engaged in misconduct during litigation. *Bayer Aktiengesellschaft v. Duphar Int'l Research B.V.*, 738 F.2d 1237, 1242 (Fed.Cir.1984). The Defendants, as the prevailing parties in this case, bear the burden of establishing that this is an exceptional case. *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 471 (Fed.Cir.1985). If the case is deemed exceptional, the court is then to determine whether an award of attorneys' fees to the prevailing party is warranted; in making this determination, the court decides whether an "award of attorney fees [is] appropriate and whether the amount of the award [is] reasonable." *Reactive Metals and Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1583 (Fed.Cir.1985).

■ It is important to note, however, that even though inequitable conduct before the PTO is found—thereby potentially rendering a case exceptional, fees may be refused to the prevailing party. *J.P. Stevens Co., Inc. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1049 (Fed.Cir.1987); *Reactive Metals*, 769 F.2d at 1582. In addition, fee-shifting statutes such as Section 285 are to be construed narrowly because they are in derogation of the common law "American Rule" that parties are to bear their own attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533–34, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994).

### 2. 28 U.S.C. § 1927

■ 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 is essentially penal in nature, and any award otherwise justified should be limited to only those "excess costs" incurred as a result of the attorney's unreasonable and vexatious conduct. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir.1991). Counsel may be held liable for excessive costs under Section 1927 only upon a showing of bad faith, recklessness or improper motive, and only if the multiplication of the proceedings is both unreasonable and vexatious. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1384–85 (5th Cir.1994).

### 3. Fees Pursuant to the Court's Inherent Power

■ Pursuant to the court's inherent power to supervise and control its proceedings, the court may impose sanctions, including an award of reasonable attorneys' fees to the prevailing party, when the losing party or its counsel has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *see Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir.1997) (holding that "[w]hen a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions."). An award of attorneys' fees is a permissible sanction under the court's inherent power only when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive

reasons" or when a party has willfully disobeyed a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991).

### C. Discussion

#### 1. 35 U.S.C. § 285

##### a. General Principles

The federal courts of the United States have adopted what has become known as the "American Rule" in the handling of attorney fee requests. Unlike countries which follow the "English Rule," our courts do not routinely assess attorney fees against the losing party. *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975) (holding that, under American rule, each party must bear its own expenses during litigation, and that attorneys' fees are not ordinarily recoverable by prevailing litigant in absence of statutory authorization).

The American Rule was recognized by the Supreme Court as early as 1796. *Arcambel v. Wiseman*, 3 Dall. 306, 3 U.S. 306, 1 L.Ed. 613 (1796). The Rule proscribes the award of attorneys' fees absent statutory authorization or particularly compelling circumstances. *Rohm & Haas*, 736 F.2d at 690. The policy behind the Rule is simple—to avoid penalizing a party "for merely defending or prosecuting a lawsuit." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967).

Prior to 1946, the Supreme Court, following the American Rule, had consistently held that the award of attorney fees was not available in patent cases. *See, e.g., Teese v. Huntingdon*, 23 How. 2, 64 U.S. 2, 8, 16 L.Ed. 479 (1859). In 1946, however, Congress amended 35 U.S.C. § 70 and added an attorney fee provision which provided that "[t]he court may in its discre-tion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case." The next and most recent revision of the pertinent section of the patent statutes, in 1952, codified the present attorney fee provision in 35 U.S.C. § 285. This section omits explicit reference to the court's discretion but adds that the court *may* award reasonable attorney fees *in exceptional cases*. *See* 35 U.S.C. § 285.

■ Here, the Defendants move for an award of attorneys' fees against GFI pursuant to 35 U.S.C. § 285. Assuming, *arguendo*, that this is an exceptional case due to the inequitable conduct that took place and resulted in the '244 patent's invalidity, the court holds for the following reasons that an award of attorneys' fees to the prevailing Defendants is nevertheless not warranted.

##### b. The *Berkline* decision

The Defendants argue that an award of fees is justified because, in bringing this action, GFI was "attempting to enforce a patent it knew to be unenforceable" due to its inequitable conduct before the PTO. The court finds, however, that GFI was justified in its belief that the '244 patent was enforceable.

In prior litigation concerning the '244 patent, a federal district court in Massachusetts ruled, four months before GFI filed its complaint in the case *sub judice*, that no inequitable conduct had taken place during the procurement of the '244 patent. *See Gentry Gallery, Inc. v. Berkline Corp.*, 939 F.Supp. 98 (D.Mass.1996). While a portion of that district court's ruling was appealed to the United States Court of Appeals for the Federal Circuit, no appeal was taken of the court's finding that no inequitable conduct had taken

place. *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473 (Fed.Cir.1998).

While it is true that the evidence concerning inequitable conduct that was introduced before the *Berkline* district court was far less extensive than that heard by this court in the case *sub judice*,[2] GFI was nevertheless entitled to rely on that court's finding that no inequitable conduct had taken place. *J.P. Stevens Co., Inc. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1051 (Fed. Cir.1987). Thus, the court finds that the filing of this lawsuit was neither frivolous nor undertaken in bad faith, two factors the court may consider in determining whether to award attorneys' fees pursuant to 35 U.S.C. § 285. *Mathis*, 857 F.2d at 753–54; *Beckman Instr., Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir. 1989). While GFI places too much emphasis on the favorable *Berkline* ruling, seemingly questioning how this court could find inequitable conduct in the face of that ruling from another federal district court, the court finds that GFI was nevertheless entitled to rely on that ruling to the extent that GFI's filing of this lawsuit was not inappropriate.

### c. Other Factors

In addition to GFI's justified reliance upon the *Berkline* court's ruling, other factors also persuade the court that an award of attorneys' fees is not warranted. First is the fact that this was not a frivolous case. GFI successfully fought off several lengthy dispositive motions in order to get this case to trial. *See, e.g., GFI, Inc. v. Franklin Corp.*, No. 3:97CV16–D–A, 1299 WL 8 (N.D.Miss. Aug. 13, 1999) (opinion denying Defendant Franklin Corp.'s motion for summary judgment); *GFI, Inc. v. Franklin Corp.*, 142 F.Supp.2d 780 (N.D.Miss.1999) (opinion granting in part

and denying in part Defendant Parkhill Furniture's motion for summary judgment); *GFI, Inc. v. Franklin Industries*, 27 F.Supp.2d 686 (N.D.Miss.1998) (opinion granting in part and denying in part Defendant Washington Furniture's motion for summary judgment). And then, at trial, GFI prevailed on all issues other than the ultimately decisive issue of inequitable conduct. *See GFI, Inc.*, 88 F.Supp.2d at 639.

As this court has previously held:

> Defeat of a plaintiff's claim does not justify attorney's fees ... unless the court also finds that the plaintiff's complaint was frivolous, unreasonable, without foundation, or filed in bad faith. The plaintiff's claims were not frivolous or the action would have been dismissed at an earlier juncture. An action so frivolous as to award sanctions would not have sufficient merit to get to trial.

*Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 654, 657 (N.D.Miss.1989).

The court finds that this logic, applied in *Card* to a claim for attorneys' fees under 28 U.S.C. § 1927 and the court's inherent power, applies with equal force to claims for attorneys' fees under 35 U.S.C. § 285. GFI's claims were not dismissed prior to trial, despite the Defendants having collectively filed at least three separate motions for summary judgment. Nor were GFI's claims dismissed at trial on a motion for judgment as a matter of law.

Taking these factors, as well as the *Berkline* opinion, into account, the court finds that an award of attorneys' fees is not warranted under 35 U.S.C. § 285.

### 2. 28 U.S.C. § 1927

The court finds that sanctions under 28 U.S.C. § 1927 are not warranted

---

2. During the nearly four week trial of this matter, this court heard testimony from twenty-nine witnesses. In contrast, only nine of those twenty-nine witnesses testified in the five day *Berkline* trial.

for the same above-stated reasons that the court held fees are not proper under 35 U.S.C. § 285.

Sanctions are available under Section 1927 only when an attorney "multiplies the proceedings ... unreasonably and vexatiously." *F.D.I.C. v. Conner,* 20 F.3d at 1384. Here, the Defendants seek to shift the entire cost of their defense to GFI's attorneys pursuant to Section 1927. In order to do so, the Defendants must establish, by clear and convincing evidence, that "every facet of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial." *Procter & Gamble Co. v. Amway Corp.,* 280 F.3d 519, 526 (5th Cir.2002).

The court finds that GFI's attorneys did not unreasonably or vexatiously multiply these proceedings, nor have the Defendants established by clear and convincing evidence that every facet of this litigation was patently meritless or that GFI's attorneys lacked a reason to file this suit and wrongfully persisted in its prosecution. Indeed, as stated above, GFI successfully withstood three separate motions for summary judgment, and then proceeded to prevail on all issues at trial, with the exception of the inequitable conduct issue. In light of these facts, the court finds that the conduct complained of does not rise to the level meant to be punished by Section 1927. *See, e.g., Browning,* 931 F.2d at 345 (stating that case is not likely to be frivolous when judgment was entered only at conclusion of trial); *Card,* 126 F.R.D. at 657 (holding that "[a]n action so frivolous as to award sanctions would not have sufficient merit to get to trial.").

In addition, in finding that GFI engaged in inequitable conduct during the procurement of the '244 patent, this court held that GFI failed to disclose five separate material references to the PTO. *See GFI, Inc.,* 88 F.Supp.2d at 631–32 (identifying the five non-disclosed references as: the Talley patent, the Durling furniture and patent application, the Kanowsky furniture, the Major Motion furniture, and the Benchcraft "Ducks" furniture). In analyzing those five references, the court mentioned GFI's attorneys only in connection with the failure to disclose the Talley patent; in its discussion of the four remaining references, the court focused solely on the conduct of GFI and its employees. *Id.* at 625–26.

In affirming this court's ruling that inequitable conduct had taken place, the Federal Circuit focused solely on GFI's failure to disclose the Durling Furniture and patent application; the Federal Circuit did not mention the Talley patent reference nor the conduct of GFI's attorneys in connection with the Talley patent. *GFI, Inc.,* 265 F.3d at 1274–75. In doing so, the Federal Circuit elected not to mention the conduct of GFI's attorneys and the role they played in the procurement of the '244 patent. Instead, the Federal Circuit directed its attention solely to GFI's conduct in connection with the Durling references. The court finds that the Federal Circuit's focus on the conduct of GFI itself, and not on the conduct of GFI's attorneys, weighs against an award of sanctions against GFI's attorneys.

In light of the foregoing, the court finds that sanctions against GFI's attorneys are not warranted.

### 3. Fees Pursuant to the Court's Inherent Power

■ Finally, the Defendants seek an award of attorneys' fees and costs against GFI and its attorneys pursuant to the court's inherent power to sanction. For the reasons set forth above, the court finds

that the Defendants' request should be denied.

As previously noted, an award of attorneys' fees under the court's inherent power is permissible only upon an explicit finding of bad faith. *Chambers,* 501 U.S. at 45–46, 111 S.Ct. 2123. And, as the court has already held, neither GFI nor its attorneys engaged in bad faith in bringing this action. Accordingly, the court finds that an award of attorneys' fees pursuant to its inherent power is inappropriate in this case.

### *D. Conclusion*

In sum, the court finds that an award of attorneys' fees, costs, or sanctions pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, or the court's inherent power is not warranted. As such, the Defendants' motions for attorneys' fees are denied. In reaching this result, the court attributes some significance to the Massachusetts District Court's *Berkline* opinion.

A separate order in accordance with this opinion shall issue this day.

### *ORDER DENYING MOTIONS FOR ATTORNEYS' FEES*

Pursuant to an opinion issued this day, it is hereby ORDERED that:

(1) the Defendant Franklin Corporation's motion for attorneys' fees (docket entry 618) is DENIED;

(2) the Defendant Parkhill Furniture, Inc.'s motion for attorneys' fees (docket entry 619) is DENIED; and

(3) all remaining pending motions are hereby DENIED AS MOOT.