**CONCRETE UNLIMITED INC., and Carlos Pascual, Appellants,**

v.

**CEMENTCRAFT, INC., Appellee.**

**Appeal No. 85–2029.**

United States Court of Appeals, Federal Circuit.

Nov. 14, 1985.

Joseph Zallen, Fort Lauderdale, Fla., argued for appellants.

Eugene Malin, Malin, Haley, McHale & Barron, P.A., of Fort Lauderdale, Fla., argued for appellee. With him on the brief was Edward F. McHale.

Before RICH and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.

RICH, Circuit Judge.

This appeal is from the January 3, 1985, Order of the United States District Court for the Southern District of Florida holding that United States Patent No. 3,617,028 for "Precast Reinforced Concrete Post and Rail Assembly," granted to Carlos M. Pascual, et al., president of Concrete Unlimited, the licensee (collectively, Concrete Unlimited), is invalid and not infringed by Cementcraft, Inc. (Cementcraft); that Concrete Unlimited competed unfairly by enforcing its invalid patent and awarding $150,000 damages to Cementcraft therefor; and that Concrete Unlimited did not commit "fraud in the Patent Office." We affirm in part and reverse in part.

## Background

Concrete Unlimited manufactures and installs concrete balconies assembled from precast elements in buildings such as high rises in Florida. The application for the patent in suit was filed 28 April 1970 as a continuation-in-part of a parent application filed 13 March 1969, and issued as 3,617,028 (the '028 patent) on 2 November 1971. The '028 patent discloses a precast reinforced concrete post and railing assembly for installation on concrete balconies. The posts include an embedded steel reinforcing rod extending below the bottom of each post that forms an anchoring dowel. The posts have longitudinal grooves into which the panels are slid from the top of the posts. When the panels are in place, the top panel extends above the top of the posts.

Cementcraft copied Concrete Unlimited's railing and this suit for infringement was filed on 13 February 1981. Cementcraft counterclaimed that the '028 patent was invalid and that Concrete Unlimited competed unfairly by attempting to enforce its patent because it was fraudulently obtained.

■ In the spring of 1968, Concrete Unlimited installed the "Coral Ridge" balcony railing which is similar to the railing disclosed in the '028 patent except that the former's top panel does not extend above the top of the posts and that the Coral Ridge structure has a concrete cap, not found in the structure of the '028 patent. The Coral Ridge design was on file with the Fort Lauderdale Building and Zoning Department as early as 31 August 1967 in connection with construction of the building in which the railing was used. That constitutes a public use that qualifies as "prior art" under 35 U.S.C. § 103.

## OPINION

### A. Obviousness

■ The district court concluded that the balcony railing as defined in claims 1 and 2 of the '028 patent did not comport with the § 103 requirement for nonobviousness after making the factual inquiries required by *Graham v. John Deere*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966). The district court properly recognized the scope and content of the prior art: the Coral Ridge railing, in public use more than one year before the filing of the parent application and United States Patent No. 1,012,868 for "Concrete Fence," issued December 26, 1911, to Laney (Laney). The district court also properly recognized the differences between the prior art and the claims at issue: "The scope and content of the prior art shows that the Coral Ridge balcony ... discloses all aspects and structure of claims one and two in issue except that the panel is higher than the posts which is shown in the Laney patent 1,021,868." The court further stated that "[c]laims 1 and 2 of U.S. Patent 3,617,028 are obvious over Coral Ridge balcony railing ... in view of Laney ... or in view of the fact that extending the panels above the top of the post is an unobvious [sic] matter of choice by one skilled in the art."*

We agree with the district court that the subject matter of the '028 patent would have been obvious to a person of ordinary skill in the art at the time the invention was made. At the least, the combined teachings of the Coral Ridge railing and Laney, both concrete wall structures, would suggest to one of ordinary skill in the art that the uppermost panel could extend above the top of the posts that support it and that this would be simply a matter of obvious choice. We therefore affirm the holding of invalidity based on

* This is paragraph 45 of Defendant's Proposed Findings of Fact and Conclusions of Law. The district court's order, in large part, is simply a recital by number of which paragraphs of the former document the court adopted or struck. The court, however, did neither to paragraph 45; that paragraph's status was left hanging in limbo. From the contextual totality of the Order, it is clear that paragraph 45, except for the portion that we marked "[sic]" which we believe was a mistake by Cementcraft's counsel, is in complete accord with the district court's intended result, and we believe our quotation of paragraph 45 as accepted by the court to be proper.

the determination of obviousness under § 103.

### B. Unfair Competition

█ The district court concluded that Concrete Unlimited's actions during the present litigation "may be considered in regard to unfair competition" and that Concrete Unlimited is "guilty of acts of unfair competition by taking business away from the Defendant by threats and infringement actions based on the fraudulently obtained patent." That conclusion, asserted by Cementcraft, effectively means that Concrete Unlimited should not have enforced its patent rights during the course of this litigation because its patent was *later* held invalid.

The '028 patent carried a presumption of validity into this litigation that placed the burden of persuasion by clear and convincing evidence to the contrary upon the challenger. 35 U.S.C. § 282; *SSIH Equipment, S.A. v. United States International Trade Commission*, 718 F.2d 365, 375, 218 USPQ 678, 687 (Fed.Cir.1983). Concrete Unlimited had the right to exclude others from making, using, and selling the invention and to enforce those rights until the '028 patent was held invalid. Concrete Unlimited did only what any patent owner has the right to do to enforce its patent, and that includes threatening alleged infringers with suit. *See* 35 U.S.C. § 281. Concrete Unlimited's actions in this case were not unfair competition, and we reverse the district court's holding to the contrary. The issue of unfair competition damages is therefore moot.

### Conclusion

The judgment of the district court with respect to invalidity is *affirmed* and to unfair competition is *reversed.*

AFFIRMED IN PART and REVERSED IN PART.