928 F.2d 410
 18 U.S.P.Q.2d 1087
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MIRAFI, INC., and Research Corporation Technologies, Inc.,
Plaintiffs-Appellants,
v.
Jerry C. MURPHY, Onsite Systems, Inc., and Tim Swanger
Company, Defendants-Appellees.
 No. 90-1074.
 United States Court of Appeals, Federal Circuit.
 Feb. 4, 1991.
Rehearing Denied March 4, 1991.
 
 W.D.N.C.
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 Before ARCHER, Circuit Judge, BALDWIN, Senior Circuit Judge, and WEIGEL, Senior District Judge.[1]
 DECISION
 BALDWIN, Senior Circuit Judge.
 
 
 1
 Mirafi, Inc. and Research Corporation Technologies, Inc. ("Mirafi") appeal the judgment of the United States District Court for the Western District of North Carolina (No. C-C-87-578-M)[2] holding, inter alia, that Mirafi's '765 patent is invalid for double patenting. We affirm-in-part, reverse and remand-in-part.
 
 OPINION
 
 2
 In its appeal, Mirafi raises a plethora of issues. We will address these issues seriatim.
 
 Validity
 
 3
 Mirafi appeals the trial court's conclusion that the '765 patent is invalid for double patenting (obvious modification). Our standard of review for the underlying factual findings is clearly erroneous and for the ultimate conclusion of obviousness is error as a matter of law. Panduit Corp. v. Dennison Mfg. Corp., 810 F.2d 1561, 1568, 1 USPQ2d 1593, 1597 (Fed.Cir.1987). We hold that the trial court's findings are supported by substantial evidence in the record and that its conclusion is correct as a matter of law. We base our holding on the trial court's analysis of the obviousness issue and the doctrine of double patenting. See, Mirafi, 14 USPQ2d 1337.
 
 Lanham Act
 
 4
 Mirafi claims that the shape of its product, the Miradrain 6000, should be protected as trade dress under Sec. 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a) (1989). The trial court found that Mirafi's product is completely functional and has not acquired secondary meaning, either of which defeats the Lanham Act claim. Secondary meaning, G.H. Mumm & Cie v. Desnoes & Geddes, Ltd., 917 F.2d 1292, 1294, 16 USPQ2d 1635, 1637 (Fed.Cir.1990), and functionality are questions of fact governed by the clearly erroneous rule. New England Butt Co. v. International Trade Commission, 756 F.2d 874, 877, 225 USPQ 260, 262 (Fed.Cir.1985). Mirafi has failed to demonstrate, and nothing in the record suggests, that the trial court's findings with respect to the Lanham Act claim are clearly erroneous. Therefore, we affirm the trial court's dismissal of Mirafi's Lanham Act claim.
 
 Unfair Competition
 
 5
 When dealing with issues of unfair competition law, we look to the law of the regional circuit where the district court sits, here the Fourth Circuit. Cicena Ltd. v. Columbia Telecommunications Group, 900 F.2d 1546, 1548, 14 USPQ2d 1401, 1403 (Fed.Cir.1990). We may also look, when necessary, to guidance from other circuits, as well as from this court. Windsurfing Int'l, Inc. v. AMF, Inc., 828 F.2d 755, 757, 4 U.S.P.Q.2d 1052, 1054 (Fed.Cir.1987)
 
 
 6
 To establish unfair competition, Mirafi must prove that an act or practice violates North Carolina's Unfair Competition Statute (N.C.Gen.Stat. Sec. 75-1.1(a)). The language of the North Carolina Unfair Competition Statute Sec. 75-1.1(a)
 
 
 7
 closely resembles that employed by Section 5(a)(1) of the Federal Trade Commission Act which provides that
 
 
 8
 Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful. 15 U.S.C. Sec. 45(a)(1) (1976).
 
 
 9
 The similarity in language apparently was not accidental. [Citations omitted.] Because of the similarity in language, it is appropriate for us to look to the federal decisions interpreting the FTC Act for guidance in construing the meaning of ... Sec. 75-1.1.
 
 
 10
 Johnson v. Phoenix Mut. Life Ins. Co., 300 N.C. 247, 262, 266 S.E.2d 610, 620 (1980).
 
 
 11
 Following that instruction, it is noteworthy that we have found no Federal Trade Commission Act cases involving enforcement of patent rights. That may be due to the fact that a patentee's need to enforce his patent in court overrides unfair competition interests. Good faith patentees have a "right to exclude others from making, using, and selling the invention and to enforce those rights until [their patent is] held invalid [or expires]." Concrete Unlimited, Inc. v. Cementcraft, Inc., 776 F.2d 1537, 1539, 227 USPQ 784, 785 (Fed.Cir.1985), cert. denied, 479 U.S. 819 (1986). "[A]ny patent owner has the right to ... enforce its patent, and that includes threatening alleged infringers with suit. See 35 U.S.C. Sec. 281." Id. However, that right is not unbounded.
 
 
 12
 Murphy and Onsite Systems, Inc. (Onsite) argue that Mirafi's law suit was an unfair trade practice because it was a "mere sham." United States v. Ward, 618 F.Supp. 884, 907 (E.D.N.C.1985), states that "the institution of a lawsuit may be the basis for an unfair trade practices claim if the lawsuit is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor." Although nearly all patent infringement suits are an attempt to interfere with the business relationships of a competitor, most are not mere shams; they are conducted with a good faith expectation of winning.
 
 
 13
 Conversely, "infringement actions initiated and conducted in bad faith contribute nothing to the furtherance of the policies of either the patent law or the antitrust law." Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 876, 228 USPQ 90, 100 (Fed.Cir.1985). As such, bad faith litigation, where a patentee initiates litigation on a patent he knows is invalid or is not infringed, id. at 875-76, 228 USPQ at 99-100, is conduct offensive to public policy.
 
 
 14
 Unfair conduct under the North Carolina Unfair Competition Statute has been defined as that which offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Johnson, 300 N.C. at 263, 266 S.E.2d at 621 (citing Spiegel, Inc. v. Federal Trade Comm'n, 540 F.2d 287, 293 (7th Cir.1976)). Thus, bad faith infringement litigation, because it offends public policy and is either immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, could violate North Carolina's Unfair Competition Statute.
 
 
 15
 Proof of patentee's bad faith must be made by clear and convincing evidence. Loctite, 781 F.2d at 876, 228 USPQ at 100 (citing Handgards, Inc. v. Ethicon, Inc., 601 F.2d 986, 996, 202 USPQ 342, 351 (9th Cir.1979), cert. denied, 444 U.S. 1025 (1980)). Moreover, where there is a belief in infringement as well as validity by the patentee, there is a presumption of good faith. Loctite, 781 F.2d at 877, 228 USPQ at 101. Furthermore, a patentee is normally entitled to rely on a presumption of validity. 35 U.S.C. Sec. 282 (1988).
 
 
 16
 The district court found "a continuing course of conduct pursuant to which Mirafi not only initiated this litigation in bad faith, but engaged in a series of extra-judicial acts, both before and after the actual filing of the litigation, with the purpose, intent and effect of unfairly damaging Murphy and OnSite and secondarily Swanger, in the marketplace." (Conclusion of Law # 25, A43). Having thoroughly reviewed the record, this court concludes that the district court's finding of bad faith litigation, which must be supported by clear and convincing evidence, is clearly erroneous.
 
 
 17
 Here, without a determination of whether Mirafi knew the '765 patent was invalid or knew that appellees did not infringe the '765 patent, there can be no bad faith litigation. Moreover, all of Mirafi's extra-judicial activities, including notifying customers and potential customers of the litigation, are within the purview of actions a party with rights to enforce a patent may engage in to enforce the patent. See Concrete Unlimited, 776 F.2d at 1539 ("[T]aking business away from the Defendant by threats and infringement actions" is not necessarily unfair competition. Good faith patentees have "the right to exclude others from making, using, and selling the invention and to enforce those rights until the ... patent [is] held invalid [or expires].") Evidence of prior intent not to litigate the patent, failure to litigate infringement claims against other parties, and communication with a sales force of intent to litigate and actual initiation of suit are all permitted activities. None offend public policy.
 
 
 18
 We likewise find Swanger's assertion that trial evidence clearly indicates that Mirafi had no expectation of winning and that the lawsuit was filed primarily for the purpose of destroying a competitor's reputation in the market to be unpersuasive. Having carefully reviewed the record, this court finds no evidence that Mirafi did not expect to win the suit against Swanger.
 
 
 19
 We therefore remand this issue to the district court for a determination of whether there is clear and convincing evidence that Mirafi initiated litigation knowing the '765 patent was invalid or knowing that appellees did not infringe the '765 patent.
 
 
 20
 In view of our decision, the infringement issue is moot and that of damages is premature.
 
 
 21
 AFFIRMED-IN-PART, REVERSED AND REMANDED-IN-PART.
 
 COSTS
 
 22
 No costs.
 
 
 
 [1]
 Senior District Judge Stanley A. Weigel of the United States District Court for the Northern District of California, sitting by designation
 
 
 [2]
 Reported at Mirafi, Inc. v. Murphy, 14 USPQ2d 1337 (W.D.N.C.1989)