**HALE PROPELLER, L.L.C., Plaintiff,**

v.

**RYAN MARINE PRODUCTS PTY., LTD., Terence J. Ryan, Propeller Dynamics Pty., Ltd., and Propeller Dynamics, Inc. Defendants.**

No. 3:98 CV 1248 (GLG).

United States District Court, D. Connecticut.

May 25, 2000.

Ajay A. Jagtiani, Jagtiani & Associates, Fairfax, VA, Kenneth J. Nunnenkamp,

Patton Boggs, LLP, McClean, VA, John R. Erikson, Reed, Smith, Shaw & McClay, McLean, VA, Kathleen M. Paralusz, Reed, Smith, Shaw & McClay, Washington, DC, Paul D. Bangor, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, PA, Nathaniel Selleck, Brown, Raysman, Millstein, Felder & Steiner, Hartford, CT, for Ryan Marine Products, Terence J. Ryan.

John R. Erickson, Reed, Smith, Shaw & McClay, McLean, VA, for Terrence J. Ryan, Propeller Dynamics of Australia, Propeller Dynamics of Maryland.

Eric E. Grondahl, Cummings & Lockwood, Hartford, CT, Stephen Edward, Noona & Canoles, P.C., Norfolk, VA, for Hale Propeller, Randal Hale Jr., Randal L. Hael, III

Joseph M. Pastore, III, Brown, Raysman, Millstein, Felder & Steiner, Hartford, CT, for Propeller Dynamics of Australia.

John C. Linderman, McCormick, Paulding & Huber, Hartford, CT, Barry C. Kane, Jon R. Muth, S. GraceDavis, Miller, Johnson, Snell & Cummiskey, PLC, Grand Rapids, MI, Maria S. Spalding, Christopher Grigham, Updike, Kelly & Spellacy, P.C., New Haven, CT, for Michigan Wheel Corp.

John C. Linderman, Richard R. Michaud, William Tucker Griffith, McCormick, Paulding & Huber, Hartford, CT, for Michael Tripp, Robert Hurle.

Joseph S. Kentoffio, Mark D. Giarrantana, Cummings & Lockwood, hartford, CT, Paul D. Bangor, Jr., Reed, Smith, Shaw & McClay, Pittsburg, PA, for Hale Propeller LLC, Randal Hale, Jr., Randal L. Hale, III.

### *Memorandum Opinion*

GOETTEL, District Judge.

Defendant Terence J. Ryan ("Ryan") renews his motion to dismiss the action against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth

below, the Court DENIES the motion (Doc. # 18).

## BACKGROUND

On October 25, 1983, Ryan, an Australian citizen, was issued U.S. Patent No. 4,411,073 ("the '073 patent") for an apparatus that tests the pitch of propeller blades. On May 21, 1998, Ryan assigned the patent to Defendant Ryan Marine Products, Pty., Ltd. ("Ryan Marine"), an Australian corporation which employs Ryan and in which he is the chief shareholder and managing director. On June 12, 1998, Ryan Marine brought an action in the Eastern District of Virginia for willful infringement against Hale Propeller, L.L.C. ("Hale Propeller"), Randall Hale, Jr., and Randall Hale, III. On July 1, 1998, Hale Propeller filed this action against Ryan Marine, Propeller Dynamics Pty. Ltd. ("Propeller Dynamics"), Propeller Dynamics, Inc., and Ryan, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of the '073 patent. Hale Propeller also asserts claims of unfair competition, tortious interference with contract, violation of the Lanham Act, and antitrust violation. The two actions were consolidated on December 29, 1998, after Ryan Marine's action was transferred to this District on October 27, 1998.

Ryan moved to dismiss for lack of personal jurisdiction on November 30, 1998. That motion was stayed and then denied without prejudice to renewal pending Ryan's deposition concerning the jurisdictional issue. He now renews his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

Ryan argues that he has no personal contacts with the State of Connecticut and that there are no grounds to support the statutory or constitutional exercise of personal jurisdictional over him by this Court. Hale Propeller maintains that the Court may properly exercise personal jurisdiction over Ryan because his threats of infringement against Hale Propeller and its customers satisfy Connecticut's long-arm statute. Hale Propeller further argues that the Court may properly exercise personal jurisdiction over Ryan because Defendants Ryan Marine and Propeller Dynamics, both of whom have answered and thereby waived any jurisdictional challenges, are Ryan's alter egos.

## ANALYSIS

### A. Quantum of Evidence

A district court looks to the law of the Federal Circuit in patent infringement actions, even on issues of personal jurisdiction. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564–65 (Fed.Cir.), *cert. dismissed* 512 U.S. 1273, 115 S.Ct. 18, 129 L.Ed.2d 917 (1994). Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of an action against a defendant over whom the court has no *in personam* or personal jurisdiction. The plaintiff bears the burden of proving the existence of jurisdiction over the defendant. Federal Circuit law looks to the relevant state law governing the quantum of evidence required to prove personal jurisdiction. *See Graphic Controls Corp. v. Utah Med. Prods., Inc.,* 149 F.3d 1382, 1383 (Fed.Cir.1998); *Phonometrics, Inc. v. Northern Telecom Inc.,* 133 F.3d 1459, 1468 (Fed.Cir.1998). Under Connecticut law, the quantum of evidence required to fulfill this obligation varies depending on the procedural posture of the litigation. *See Combustion Eng'g v. NEI Int'l Combustion,* 798 F.Supp. 100, 103 (D.Conn.1992). "Prior to discovery, a plaintiff may defeat a jurisdictional challenge by pleading legally sufficient allegations of jurisdiction in good faith." *Id.* (citing *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990), *cert. denied* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116. S.Ct. 150, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990)). Given the limited discovery in this case, we find that the *prima facie* standard is appropriate for the purposes of this motion.

On a Rule 12(b)(2) motion, the plaintiff need only persuade the court that its factual allegations constitute a *prima facie* showing of jurisdiction. *Ball*, 902 F.2d at 197. Prior to a full evidentiary hearing, the plaintiff's *prima facie* showing may be established solely by allegations. *Id.* Furthermore, for purposes of this motion, we must accept as true the allegations of the non-moving party and must resolve all factual disputes in its favor. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir.1986). As a result of applying the *prima facie* standard, "a denial of the motion to dismiss is an implicit deferral until trial of the final ruling on jurisdiction." *Boit v. Gar–Tec Prods., Inc.*, 967 F.2d 671 (1st Cir.1992).

### B. Connecticut Long Arm Statute

We turn first to Hale Propeller's assertion that Ryan is subject to personal jurisdiction because his threats of patent infringement satisfy Connecticut's long-arm statute, which provides, in relevant part:

> As to any cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual ... who in person or through an agent: ... (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce ....

Conn. Gen.Stat. § 52–59b(a)(3). Hale Propeller asserts that Ryan threatened to bring suit against it for infringement of the '073 patent and that Ryan sent cease and desist letters to Hale Propeller and its customers (or potential customers). Hale Propeller claims that these threats constituted tortious acts committed outside the state of Connecticut which injured its business within the state. Ryan maintains that the threats were made in good faith to protect his '073 patent.

Federal authority makes clear that it is not improper for a patent owner to inform possible infringers of the existence of the patent and to notify potential infringers of his belief that a particular product might infringe the patent. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed.Cir.1998). Furthermore, a patent owner has the right to threaten possible infringers with suit in order to protect his patent. *Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed.Cir.1985). "[C]ommunication to possible infringers concerning patent rights is not improper if the patent holder has a good faith belief in the accuracy of the communication ... [A] competitive commercial purpose is not of itself improper, and bad faith is not supported when the information is objectively accurate. In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights." *Mikohn Gaming*, 165 F.3d at 897.

Hale Propeller has made no showing that Ryan's threats were made in bad faith, other than conclusory allegations that the claims of infringement were false. Hale Propeller has failed to show that Ryan's assertion of patent ownership was incorrect or false. Indeed, Hale Propeller concedes that Ryan was the sole owner of the '073 patent when he made the initial verbal threats of infringement and sent the cease and desist letters, since he did not assign the patent to Ryan Marine until two or three months later, on May 21, 1998.

Hale Propeller has asserted no other conduct on Ryan's part that would constitute tortious acts committed outside the state, nor does it allege that any other

provision of the long-arm statute applies. Therefore, we find that Hale Propeller has failed to make a *prima facie* showing that personal jurisdiction over Ryan is proper under Connecticut's long arm statute.

### C. Alter Ego/Veil Piercing

That does not end our inquiry, however. Hale Propeller argues in the alternative that the Court may properly exercise personal jurisdiction over Ryan because Ryan Marine and/or Propeller Dynamics, defendants who have answered and thereby waived any objections to this Court's exercise of personal jurisdiction over them, are Ryan's alter egos. Ryan maintains that the Court should not pierce the corporate veil to exercise personal jurisdiction over him since neither Ryan Marine nor Propeller Dynamics is his alter ego.

The alter ego standard, also known as the identity rule, requires a showing that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun. *Zaist v. Olson,* 154 Conn. 563, 576, 227 A.2d 552 (1967). Because an alter ego is considered to be an indistinguishable entity, personal jurisdiction over answering defendants establishes personal jurisdiction over any such defendant's alter egos. *Northern Tankers (Cyprus) Ltd. v. Backstrom,* 967 F.Supp. 1391, 1398 (D.Conn.1997). Thus, if either one of the answering defendants is found to be Ryan's alter ego, the Court could properly exercise personal jurisdiction over Ryan individually without reaching the statutory or constitutional analysis, because he would be deemed present in the jurisdiction by the presence of the answering defendant.

■ The Federal Circuit has held that while it is bound to apply regional circuit law to procedural matters that are not unique to patent law, it is "free to develop [its] own law" on issues that are intimately related to substantive patent law in order to promote its mandate of achieving national uniformity in the field of patent law.

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564 (Fed.Cir.1994) (analyzing stream of commerce theory as basis for personal jurisdiction). However, the Federal Circuit looks to relevant state and regional circuit case law to determine the standard to be applied in corporate veil-piercing as the basis for personal jurisdiction in patent cases. *See, e.g., 3D Sys., Inc. v. Aarotech Lab., Inc.,* 160 F.3d 1373, 1380 (Fed.Cir.1998); *Minnesota Min. & Mfg. Co. v. Eco.Chem, Inc.,* 757 F.2d 1256, 1265 (Fed.Cir.1985) (citing *Lakota Girl Scout Council, Inc. v. Havey Fund–Raising Management, Inc.,* 519 F.2d 634 (8th Cir.1975); *International Controls Corp. v. Vesco,* 490 F.2d 1334, 1350 (2d Cir.), *cert. denied,* 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974)).

"Courts will ... disregard the fiction of a separate legal entity to pierce the shield of immunity afforded by the corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor." *Angelo Tomasso, Inc. v. Armor Construction & Paving, Inc.,* 187 Conn. 544, 552, 447 A.2d 406 (1982) (quoting 1 Fletcher, *Corporations* (Perm. Ed.1963 Rev.)) § 43. Although "the corporate form is not easily brushed aside," *see Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.,* 757 F.2d 1256, 1264–65 (Fed.Cir.1985), where an individual defendant has so dominated and disregarded the corporate form that the corporation has primarily transacted the individual's personal business rather than its own corporate business, a court may pierce the corporate veil to assert personal jurisdiction over the individual. *See Kirno Hill Corp. v. Holt,* 618 F.2d 982, 985 (2d Cir.1980). The concept of piercing the corporate veil is equitable in nature and courts should pierce the corporate veil only under exceptional circumstances. *Tomasso,* 187 Conn. at 555–57, 447 A.2d 406.

■ The veil-piercing inquiry is necessarily fact-specific. The Second Circuit

has considered several factors in its determination of whether a corporation is dominated, including: (1) the absence of corporate formalities; (2) inadequate capitalization; (3)whether funds are put in and taken out of the corporation for personal rather than corporate purposes; (4) overlapping ownership, officers, directors, personnel; (5) common office space, address, phones; (6) the amount of business discretion by the allegedly dominated corporation; (7) whether the corporations dealt with each other at arm's length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of debts of the dominated corporation; and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own. *William Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 139 (2d Cir.1991). Courts have also considered post-tort activity conducted to strip the corporation of assets in anticipation of impending legal liability. *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1264–65 (Fed.Cir.1985).

 In this case, Hale Propeller argues that Ryan completely controls and dominates Ryan Marine and Propeller Dynamics. Ryan is the primary shareholder, owning 90% of the stock of both corporations at the time the action was commenced. He testified at his deposition that the companies share office space, equipment and personnel. Most significantly, his deposition testimony that "it's all mine, it's all me" with respect to his use of corporate funds permits an inference that he had used corporate funds for personal purposes and failed to observe corporate formalities.

Accepting these allegations as true and resolving all factual disputes in favor of the non-moving party as we must for purposes of a Rule 12(b)(2) motion to dismiss, the Court finds that Hale Propeller has sustained its burden of making a *prima facie* showing that Ryan Marine and Propeller

Dynamics are Ryan's alter egos. Therefore, considering the procedural posture of the case, we DENY Ryan's motion to dismiss. (Doc. # 18). We caution the plaintiff, however, that it must bear the burden at trial of proving personal jurisdiction over Ryan by a preponderance of the evidence.

SO ORDERED.