IMCS, INC.,

v.

**D.P. TECHNOLOGY CORPORATION.**

No. CIV.A.02–CV–7084.

United States District Court,
E.D. Pennsylvania.

April 24, 2003.

Theodore Naccarella, Synnestvedt & Lechner, LLP, Philadelphia, PA, for IMCS, Inc.

David E. Landau, Wolf, Block, Schorr & Solis–Cohen, LLP, Philadelphia, PA, Ralph D. Chabot, Camarillo, CA, for D.P. Technology Corp.

## MEMORANDUM & ORDER

SURRICK, District Judge.

Plaintiff IMCS, Inc. ("Plaintiff") brought this action against Defendant D.P. Technology Corporation ("Defendant"), alleging that Defendant has been and is currently infringing on Plaintiff's U.S. Patent No. 6,112,113, entitled "Visual System and Method for Generating a CNC Program for Machining Parts with Planar and Curvilinear Surfaces" ("the '133 patent"), in violation of federal patent law, Title 35 United States Code. Defendant has filed a counterclaim alleging that Plaintiff has engaged in unfair competition, in violation of the federal Lanham Act § 43(a), by advertising the existence of the '133 patent and by filing the instant lawsuit. Presently before the Court is Plaintiff's Motion for Dismissal of Counterclaims Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion to Dismiss Counterclaim," Doc. No. 8). For the following reasons, Plaintiff's Motion to Dismiss Counterclaim will be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff and Defendant are both in the business of developing, designing, manufacturing, producing, marketing and selling Computer Aided Manufacturing ("CAM") software. On August 29, 2000, the United States Patent and Trademark Office ("USPTO") issued the '133 patent to Plaintiff for Plaintiff's computer software invention entitled "Visual System and Method for Generating a CNC Program for Machining Parts with Planar and Curvilinear Surfaces." (Pl.Compl.¶ 5). Plaintiff proceeded to advertise that its software was protected by the '133 patent. (Def. Counterclaim ¶ 17). Plaintiff filed the instant lawsuit on August 30, 2002, alleging that Defendant's software products, including but not limited to those products entitled "ESPRIT SolidTurn Advanced," "ESPRIT SolidTurn Production," and "ESPRIT SolidMill Production," infringe on the '133 patent.

On February 2, 2003, Defendant filed its Answer, Affirmative Defenses and Counterclaim.[1] Defendant alleges that Plaintiff intentionally failed to disclose material and relevant prior art to the USPTO, making the '133 patent invalid and unenforceable. In a June 1996 edition of Modern Machine Shop Magazine, Plaintiff's President, Lisa Fishman, authored an article about its own "PartMaker" software. (Def. Counterclaim ¶¶ 2-3). Defendant alleges that Plaintiff intentionally did not disclose the June 1996 article to the USPTO as relevant and material prior art, in violation of 37 C.F.R. § 1.56. *Id.* ¶¶ 6, 11-12. Defendant alleges that Plaintiff received its patent as a result of this fraud committed on the USPTO, and, therefore, that Plaintiff knew or should have known that the '133 patent was invalid and unenforceable.[2] *Id.* ¶¶ 16, 21. Defendant's counterclaim alleg-

---

1. Defendant alleges the following Affirmative Defenses: (1) Defendant did not infringe on the '133 patent; (2) the '133 patent is unenforceable; (3) Plaintiff's claimed invention does not meet any of the conditions for patentability set forth in Title 35 U.S.C., and, therefore, none of the '133 patent's claims are valid; (4) Plaintiff's patent is invalid because it fails to comply with all the requirements of 35 U.S.C. § 112; and (5) Defendant is not liable for willful infringement on Plaintiff's patent because Plaintiff's hands were made unclean by its failure to disclose relevant information to the USPTO in violation of 37 C.F.R. § 1.56.

2. Plaintiff disputes Defendant's factual allegations, contending that Plaintiff submitted the substance of the June 1996 article to the USPTO, but due to a clerical error, did not refer to the article explicitly in its arguments or its lists of prior art.

es that Plaintiff violated federal unfair competition law, pursuant to the Lanham Act § 43(a), by Plaintiff's bad faith actions of (1) marketing and advertising its software as being protected by the '133 patent and (2) bringing the instant patent infringement lawsuit. *Id.* ¶ 21. Defendant alleges that Plaintiff's advertising and litigation actions constitute false and misleading representations within commerce that have induced customers to purchase Plaintiff's products and caused harm to Defendants in the form of lost sales to a competitor. *Id.*

On February 21, 2003, Plaintiff filed the instant motion to dismiss Defendant's counterclaim for failure to state a Lanham Act § 43(a) claim pursuant to Fed.R.Civ.P. Rule 12(b)(6).[3]

## II. LEGAL STANDARD

■■■ Plaintiff's motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] When considering a motion to dismiss a complaint for failure to state a claim under this Rule, the Court must "accept as true the facts alleged [by the nonmoving party] and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) . . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v.*

---

3. Also currently pending before this Court is Defendant's Motion to Stay the present patent litigation pending the outcome of the USPTO's reexamination of the validity of the '133 patent.

4. Rule 12(b)(6) provides that:

Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted. . . .
Fed.R.Civ.P. 12(b)(6).

*Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990) (citing *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988)); See *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). For this reason, district courts strongly disfavor Rule 12(b)(6) motions. *Melo–Sonics Corp. v. Cropp,* 342 F.2d 856 (3d Cir.1965); *Kuromiya v. U.S.,* 37 F.Supp.2d 717, 722 (E.D.Pa.1999). A court may only dismiss a counterclaim if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc.,* 492 U.S. at 249–50, 109 S.Ct. 2893 (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *Neitzke v. Williams,* 490 U.S. 319, 326–327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). *Oshiver v. Levin, Fishbein, Sedran, & Berman,* 38 F.3d 1380, 1384 n. 1 (3d Cir.1994). A court need not credit "bald assertions" or "legal conclusions," nor should it accept "unwarranted inferences" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997).

## III. DISCUSSION [5]

■■■ The Lanham Act § 43(a) prohibits unfair competition generally in the form of "false advertising," "trade libel," and "product disparagement" claims.[6] *See Ze-*

---

5. The Federal Circuit court has "sole appellate responsibility for the development of patent law," which includes determining "whether and to what extent patent law preempts or conflicts with other causes of action" and, specifically, "whether principles of patent law foreclose [Defendant's] claims under section 43(a) of the Lanham Act." *Midwest Industries, Inc. v. Karavan Trailers, Inc.,* 175 F.3d 1356, 1360–1 (Fed.Cir.1999).

6. The relevant portion of the Lanham Act § 43(a) states:

(1) Any person who, on or in connection with any goods or services . . . uses in com-

*nith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347–8 (Fed.Cir.1999). Courts have consistently recognized that to state a counterclaim for a violation of the Lanham Act § 43(a), the defendant must allege that (1) the plaintiff made a false or misleading statement of fact in commercial advertising or promotion about its or another's goods or services; (2) the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the plaintiff caused the statement to enter interstate commerce; and (5) the statement results in actual or probably injury to the defendant. *Id.* at 1348. In addition, "before a patentee may be held liable under § 43(a) for marketplace activity in support of its patent, and thus be deprived of the right to make statements about potential infringement of its patent, the marketplace activity must have ·been undertaken in bad faith." *Id.* at 1353. Courts require this additional prerequisite of bad faith in Lanham Act claims that restrict the statements of patent holders in order to prevent a conflict between the two federal laws. *Id.*

■ In the instant case, Defendant has alleged that Plaintiff violated the Lanham Act § 43(a) by advertising that Plaintiff's software is protected by the '133 patent, and by filing the instant patent infringement lawsuit. Plaintiff argues that neither of these allegations state a claim under § 43(a). We agree.

■ Defendant's first allegation, that Plaintiff advertised that its software is protected by the '133 patent, is a true statement and, therefore, does not meet the first requirement of a § 43(a). Under patent law, patents receive a presumption of validity. *See Concrete Unlimited Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1538 (Fed.Cir.1985); 35 U.S.C. § 282. Even if a patent was obtained through fraud and even if upon examination, a court would invalidate that patent, until such a determination of invalidity is made, the patent is considered valid and enforceable. As such, Plaintiff's statements as to the contemporaneous existence of the patent are true and are not misleading. Therefore, those statements could not violate the Lanham Act § 43(a).

■ Defendant's second allegation, that Plaintiff's filing of the instant patent infringement lawsuit constitutes unfair competition, also fails to state a claim under § 43(a). A lawsuit that alleges unfair competition must be based on marketplace statements or misconduct and cannot be based merely on the filing of a lawsuit to enforce a presumptively valid patent. *See Zenith*, 182 F.3d at 1349. In the case of *Pro–Mold and Tool Co., Inc. v. Great Lakes Plastics, Inc.* 75 F.3d 1568 (Fed.Cir. 1996) the Federal Circuit dealt with a case factually similar to the instant case. The defendant in *Pro–Mold* alleged that the plaintiff had "engaged in unfair competition in its bad faith filing of a complaint knowing that the patent was unenforceable." Defendant alleged that the patent was unenforceable because of the plaintiff's failure to properly disclose required information to the USPTO. *Pro–Mold*, 75 F.3d at 1574–5. In concluding that the filing of a lawsuit to enforce a patent does

merce ... any ... false or misleading description of fact, or false or misleading representation of fact, which—
(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of

his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
15 U.S.C. § 1125(a)(1) (1994).

**198**

not constitute unfair competition in violation of § 43(a), the Court stated:

> The basis for Great Lakes' [the defendant] assertion of unfair competition was inequitable conduct. However, there is no legal basis for a holding that inequitable conduct, or the assertion of a patent procured through inequitable conduct, constitutes unfair competition ... The only basis for a federal unfair competition claim is Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a)(1) (1994). That provision prohibits false designations of origin or misleading descriptions of goods or services which are likely to cause confusion. Obtaining a patent through inequitable conduct does not violate this statute.

> The established remedy for inequitable conduct is unenforceability of the patent. If a trial court considers that the case is an exceptional one, which is often found when the patent has been improperly procured, attorney fees can be awarded. Moreover, the Supreme Court has held that "enforcement of a patent procured by fraud on the Patent Office may be violative of § 2 of the Sherman Act provided the other elements necessary to a § 2 case are present." *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174 86 S.Ct. 347, 349, 15 L.Ed.2d 247 (1965). Thus, there are adequate remedies to deal with inequitable conduct when it is found. Resort to unfair competition law is not one of them.

*Pro–Mold*, 75 F.3d at 1575.

Notwithstanding the circumstances alleged by Defendant, we are compelled to conclude that Plaintiff's conduct in advertising the existence of the patent and Plaintiff's filing of the instant patent infringement lawsuit do not constitute violations of the Lanham Act § 43(a).

An appropriate order follows.

### ORDER

AND NOW, this 24th day of April, 2003, upon consideration of Plaintiff's Motion for Dismissal of Counterclaims Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion to Dismiss Counterclaim," Doc. No. 8), and all papers filed in support thereof and in opposition thereto, it is ORDERED that Plaintiff's Motion to Dismiss Counterclaim is GRANTED. Defendant's counterclaim is dismissed with prejudice.

IT IS SO ORDERED.