**GFI, INC., Plaintiff,**

v.

**BEAN STATION FURNITURE; and Futuristic, Inc., Defendants.**

**No. CIV. 197CV01185.**

United States District Court,
M.D. North Carolina.

Oct. 2, 2003.

Peter G. Pappas, Adams Kleemeier Hagan Hannah & Fouts, Greensboro, NC,

Jems J. Foster, Douglas R. Wolf, Matthew B. Lowrie, Wolf Greenfield & Sacks, P.C., Boston, MA, for GFI, Inc.

George L. Little, Jr., John Steven Gardner, Kilpatrick Stockton, L.L.P., Winston-Salem, NC, for Bassett Furniture Industries, Inc.

David William Sar, James T. Williams, Jr., Robert James King, III, William C. Scott, Brooks Pierce McLendon Humphrey & Leonard, Greensboro, NC, for Benchraft, Inc.

Norwood Robinson, John N. Taylor, Jr., Robinson & Lawing, Winston-Salem, NC, for Dynasty Furniture Mfg. Ltd., Bean Station Furniture, Futuristic, Inc.

Clifton Ted Hunt, Charlotte, NC, Dion J. Shanley, Hickman Goza & Gore, Oxford, MS, for Walter E. Durling.

Mark S. Thomas, Maupin Taylor & Ellis, P.A., Raleigh, NC, for Comfortline, L.L.C.

James Lee Lester, Edward Wellington Rilee, Rhodes & Mason, P.L.L.C., Greensboro, NC, Gilbert J. Andia, Jr., Maccord Mason, P.L.L.C., Greensboro, NC, for C & R Custom Furniture, Excalibur Fine Furniture, Inc.

W. Thad Adams, III, Adams Evans, P.A., Charlotte, NC, William G. McElwain, David B. Bassett, Hale & Dorr, Washington, DC, for Palliser Furniture, Inc.

## MEMORANDUM OPINION

BULLOCK, District Judge.

In November 1997, plaintiff GFI filed a patent infringement action against multiple defendants, including Bean Station Furniture and Futuristic, Inc. ("BS & F"). BS & F filed pendant state law counterclaims charging GFI with unfair trade practice and tortious interference with prospective economic advantage in violation of North Carolina common law. As a result of concurrent litigation in which another district court found GFI's patent invalid, GFI dismissed its claims against BS & F and the other North Carolina defendants. BS & F's state law counterclaims remain, and because they arise from the same transaction as the federal claims and can be adjudicated expeditiously, this court retains jurisdiction under 28 U.S.C. § 1367. Pursuant to Federal Rule of Civil Procedure 56, GFI has moved for summary judgment on the counterclaims. For the following reasons, the court will grant GFI's motion for summary judgment.

### FACTS

GFI, formerly known as the Gentry Gallery, Inc., is a Mississippi-based furniture manufacturer and retailer. In January 1991, GFI filed an application in the United States Patent and Trademark Office ("PTO"), seeking to patent a one-armed sectional sofa with a console positioned between two reclining chairs (the " '244 patent"). GFI obtained a patent for this furniture design in November 1991.

Soon after the PTO issued the patent, GFI sued a competitor for infringement in the United States District Court for the District of Massachusetts ("the Massachusetts court"). After a full trial, the Massachusetts court determined that GFI's patent was valid. *See Gentry Gallery, Inc. v. Berkline Corp.*, 939 F.Supp. 98, 106 (D.Mass.1996), *aff'd in part, rev'd in part*, 134 F.3d 1473 (Fed.Cir.1998) (reversing the judgment of validity only in regard to GFI's patent claims that did not limit the location of the recliner controls to the console). In its ruling, the Massachusetts court specifically addressed and dismissed allegations that GFI acted inequitably before the PTO. *Id.* at 101. Following the Massachusetts court ruling, GFI sent letters to other potential infringers, including BS & F and their customers, notifying them of the '244 patent and threatening suit to defend it. GFI also printed the

names of the alleged infringers in a trade journal.

In February 1997, GFI brought an infringement action in the United States District Court for the Northern District of Mississippi ("the Mississippi court"). In November 1997, GFI filed another infringement suit in the United States District Court for the Middle District of North Carolina. Many defendants to the North Carolina suit filed counterclaims seeking a declaratory judgment that the '244 patent was invalid. BS & F also filed a counterclaim for unfair trade practice and tortious interference with prospective economic advantage. The North Carolina litigation was stayed pending decision by the Mississippi district court.

On March 2, 2000, the Mississippi court found GFI's patent invalid on grounds of inequitable conduct. *GFI, Inc. v. Franklin Corp.*, 88 F.Supp.2d 619, 621 (N.D.Miss.2000). Specifically, the court found that GFI withheld five references of prior art that were highly material to the '244 patent prosecution. *See id.* at 632. Accordingly, the court entered judgment for defendants after concluding that GFI's failure to disclose these references "manifested a culpable state of mind evidencing an intent to deceive the PTO" and that "[n]o evidence exists tending to show that [GFI] had a good faith reason for withholding the references." *Id.* GFI appealed this ruling, and the Federal Circuit affirmed the Mississippi court's judgment. *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1275 (Fed.Cir.2001).

Defendants in the Mississippi case subsequently moved for attorneys' fees pursuant to 35 U.S.C. § 285, arguing that GFI was "attempting to enforce a patent it knew to be unenforceable." *GFI v. Franklin Corp.*, 227 F.Supp.2d 602, 606 (N.D.Miss.2002). The Mississippi court specifically found that "the filing of this lawsuit was neither frivolous nor undertak-en in bad faith." Consequently, the court declined to grant defendants' motion for attorneys' fees. *Id.* at 607.

As a result of the Mississippi case and appeal, GFI dismissed its infringement claims pending in North Carolina. When GFI dismissed its claims, the defendants dismissed their counterclaims for declaratory judgment. However, BS & F's state law claims for unfair trade practice and tortious interference with prospective economic advantage remain. These claims arise from GFI's 1996–97 communications to potential infringers and customers.

## DISCUSSION

### I. Standard of Review

Summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party bears the burden of persuasion on the relevant issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party may survive a motion for summary judgment by producing "evidence from which a [fact finder] might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the motion is supported by affidavits, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393–94 (4th Cir.1994) (moving party on summary judgment motion can simply argue the absence of evidence by which the non-movant can prove her case). In considering the evidence, all reasonable inferences are to be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. However, "[t]he mere existence of a scintilla of evidence in sup-

port of the plaintiff's position will be insufficient; there must be evidence on which the [fact finder] could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. 2505.

## II. *Unfair Trade Practice and Tortious Interference Claims* [1]

■ BS & F alleges that GFI's notification of intent to enforce its patent constitutes unfair trade practice and tortious interference. As a general rule, patentholders are permitted to enforce their patent rights by threatening potential infringers with suit. *See Virtue v. Creamery Package Mfg. Co.,* 227 U.S. 8, 37–38, 33 S.Ct. 202, 57 L.Ed. 393 (1913); *Mikohn Gaming Corp. v. Acres Gaming, Inc.,* 165 F.3d 891, 897 (Fed.Cir.1998). Further, "federal patent law bars the imposition of liability [under federal or state law] for publicizing a patent in the marketplace unless the plaintiff can show that the patentholder acted in bad faith." *Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1336 (Fed.Cir.1998), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.,* 175 F.3d 1356, 1359 (Fed.Cir.1999). Accordingly, to state a claim for unfair trade practice and tortious interference, "bad faith is a prerequisite ... without it, the claim is preempted by patent law." *Id.* at 1355.

■ To make the requisite showing of bad faith, BS & F must demonstrate that GFI publicized its '244 patent inaccurately or deceptively. *See Mikohn,* 165 F.3d at

897 (reasoning that "a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence ... of patent rights"). To survive summary judgment, BS & F must make this showing by clear and convincing evidence. *See Golan v. Pingel Enter., Inc.,* 310 F.3d 1360, 1371 (Fed.Cir. 2002) (stating in regard to state unfair competition and tort claims that "the party challenging such statements must present affirmative evidence sufficient for a reasonable jury to conclude that the patentee acted in bad faith, in light of the burden of clear and convincing evidence that will adhere at trial"); *Dow Chem. Co. v. Exxon Corp.,* 139 F.3d 1470, 1476 n. 6 (Fed.Cir. 1998) (noting that the non-movant on a motion for summary judgment on a state law unfair competition claim must produce evidence, and not mere allegations, of the patentholder's knowledge of his patent's unenforceability).

Courts evaluate claims of bad faith on a case-by-case basis. *Zenith Elecs. Corp. v. Exzec. Inc.,* 182 F.3d 1340, 1354 (Fed.Cir. 1999). The party asserting bad faith must overcome the presumption of good faith enjoyed by a patentholder who asserts his duly granted patent. *See C.R. Bard, Inc. v. M3 Sys., Inc.,* 157 F.3d 1340, 1369 (Fed. Cir.1998). BS & F contends that GFI is not entitled to that presumption because GFI acted inequitably in obtaining the patent. To support its claim, BS & F points

---

1. Under North Carolina law, the elements of unfair trade practice are: (1) an unfair method of competition; (2) in or affecting commerce; (3) proximately causing actual injury to plaintiff. *First Atl. Mgmt. Corp. v. Dunlea Realty Co.,* 131 N.C.App. 242, 252, 507 S.E.2d 56, 63 (1998). The elements of tortious interference with prospective economic advantage are: (1) defendant induced a third party to refrain from entering into a contract with plaintiff; (2) a contract would have ensued

but for the interference; (3) defendant acted without justification. *Cameron v. New Hanover Mem'l Hosp.,* 58 N.C.App. 414, 440, 293 S.E.2d 901, 917 (1982). BS & F alleges facts for each element of these claims. However, because BS & F cannot make a threshold showing of bad faith by clear and convincing evidence, its state claims are preempted by federal patent law. *Zenith Elecs. Corp. v. Exzec, Inc.,* 182 F.3d 1340, 1355 (Fed.Cir. 1999).

to the Mississippi court ruling, which held that GFI knew of material prior art relevant to its patent application but failed to disclose this information to the PTO. *Franklin Corp.*, 88 F.Supp.2d at 632. Because the PTO may not have granted GFI a patent had it made the proper disclosures, BS & F reasons that GFI acted in bad faith by publicizing a patent "it knew" it had obtained inequitably.

Inequitable conduct before the PTO may be evidence of a patentholder's bad faith in subsequent contacts with competitors or their customers. *See Dow*, 139 F.3d at 1477–78. However, the bad faith necessary to establish a state law tort claim must occur in the marketplace, not before the PTO. *Id.* at 1477. BS & F argues that GFI's failure to disclose relevant prior art taints GFI's subsequent communications in the marketplace with bad faith. A determination of inequitable conduct, however, is not equivalent to a determination of fraud or bad faith. *Argus Chem. Corp. v. Fibre Glass–Evercoat Co.*, 812 F.2d 1381, 1383 (Fed.Cir.1987); *see also Dow*, 139 F.3d at 1477 (stating "proof of acts before the PTO ... are merely evidence of a patentee's bad faith in its subsequent contacts with customers"). In this case, several factors mitigate against a finding of bad faith despite GFI's inequitable conduct before the PTO.

First, a patent is presumed valid until found invalid, and a patentholder does not compete unfairly by taking steps to enforce his patent until it is determined to be invalid. *See* 35 U.S.C. § 282 (establishing the presumption of validity); *Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed.Cir.1985) (reversing district court holding of unfair competition against plaintiff who attempted to enforce a fraudulently obtained patent). In this case, when GFI notified BS & F of the '244 patent in 1996–97, GFI's patent carried a presumption of validity. Even though the Mississippi court invalidated GFI's patent in 2000, GFI did not compete unfairly by attempting to enforce its patent prior to the Mississippi court's ruling.

Second, the validity of GFI's patent was tested before the alleged bad faith notification occurred. In 1996, after a full trial on the merits, the Massachusetts court deemed GFI's patent valid. *See Gentry Gallery, Inc. v. Berkline Corp.*, 939 F.Supp. 98, 106 (D.Mass.1996), *aff'd in part, rev'd in part*, 134 F.3d 1473 (Fed.Cir. 1998). The Massachusetts court squarely addressed the inequitable conduct issue, concluding that GFI did not act inequitably by failing to disclose the prior art presented at trial. *Id.* at 101. In addition, the Massachusetts court remarked in its opinion that GFI's patent "was upheld by the Patent Office after the PTO was informed of the existence of this litigation and was given everything that [defendant] has submitted in this case, including the prior art." *Id.* at 104–05.

Thus, before it sent information concerning the '244 patent to BS & F, GFI successfully defended its patent against claims of inequitable conduct and re-examination by the Patent Office. In light of these facts, BS & F must present clear and convincing evidence that in 1996–97 GFI "knew" that its patent actually was invalid and thus could not rely on the Massachusetts court's ruling or the Patent Office's affirmation of its patent. *See Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 613 (D.Colo.2000) (stating, "[a] finding of patent infringement ... would tend to show [plaintiff] ... did not act in bad faith in publishing its patent rights countering [defendant's] state unfair competition

claims"); *Golan,* 310 F.3d at 1372–73 (affirming district court finding that patent-holder's reliance on attorney's erroneous advice regarding validity of patent negates a finding of bad faith in communications to potential infringers); *J.P. Stevens Co., Inc. v. Lex Tex Ltd., Inc.,* 822 F.2d 1047, 1051 (Fed.Cir.1987) (affirming denial of attorney's fees in an infringement case where the district court did not find inequitable conduct but the appellate court did find such conduct, reasoning that "the unenforceability of the patent for inequitable conduct prior to [the appellate decision] was not . . . certain").

Despite its heightened burden of proof, BS & F's only evidence of bad faith is the Mississippi court's finding of inequitable conduct. However, the Mississippi court expressly declined to hold that GFI's patent enforcement activities constituted bad faith. Instead, it reasoned that GFI was justified in relying on the favorable Massachusetts ruling. Denying defendants' motion for attorneys' fees, the Mississippi court stated, "While it is true that the evidence concerning inequitable conduct that was introduced before the [Massachusetts] district court was far less extensive than that heard by this court in the case *sub judice,* GFI was nevertheless entitled to rely on that court's finding that no inequitable conduct had taken place. . . . Thus, the court finds that the filing of this lawsuit was neither frivolous nor undertaken in bad faith . . . ." *GFI, Inc. v. Franklin Corp.,* 227 F.Supp.2d 602, 607 (N.D.Miss. 2002) (citation omitted). GFI's enforcement activities surrounding the Mississippi lawsuit were likely just as expensive, time-consuming, and economically harmful to the Mississippi defendants as GFI's actions in North Carolina were to BS & F. However, the Mississippi court concluded that GFI did not act in bad faith by taking steps to enforce its patent rights in light of the Massachusetts court's ruling.

GFI's failure to disclose material prior art to the PTO is hardly laudable, and its patent rightfully has been invalidated. However, GFI's inequitable conduct alone is not sufficient evidence of bad faith to overcome federal preemption of BS & F's state law claims. To survive summary judgment, BS & F must offer more than bare assertions of GFI's culpability at the time it informed the marketplace of the '244 patent. BS & F has not shown that GFI acted in bad faith given the Massachusetts court's ruling, the Patent Office's affirmation of the '244 patent, or the Mississippi district court's refusal to find bad faith despite finding inequitable conduct. Because no reasonable jury could find by clear and convincing evidence the bad faith required to sustain a state law claim of unfair trade practice or tortious interference with prospective economic advantage, GFI's motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, the court will grant GFI's motion for summary judgment.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.